STATE OF NEBRASKA, APPELLEE, v. JOHN CUTRIGHT,
APPELLANT.

226 N. W. 2d 771

Filed March 13, 1975. No. 39660.

John Cutright, pro se.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Appellant, John Cutright, was convicted on April 8,

1974, in the county court of Dodge County, Nebraska, of unlawfully swimming "in a restricted area at the Fremont State Lakes, in an area not authorized for swimming by the Game and Parks Commission," contrary to the provisions of section 81-805(5) and (9), R. S. Supp., 1972, and was fined $50 and costs. He appealed that conviction to the District Court for Dodge County, Nebraska, which court, on June 21, 1974, affirmed the judgment and fine of the county court. He now appeals to this court. We affirm.

In the stipulation of facts entered into for the purpose of the trial of this case, appellant admits that he has been an inveterate swimmer all his life, and that as a regular practice he swims in complete disregard of and through, and beyond and over the lines laid out by the Game and Parks Commission of the State of Nebraska in the form of buoys or floats on cables for confinement of swimming to certain areas so designated, and further admits to swimming willfully in the restricted area of the Fremont State Lakes in an area not authorized for swimming by the Game and Parks Commission on the 6th day of August 1972 in Dodge County, Nebraska.

The sole issue in this case is as to the constitutionality of the statute under which he was charged and convicted. Appellant contends that the grant of power by the Legislature to the Game and Parks Commission to promulgate rules and regulations prohibiting swimming and other water activities in the lakes in state parks under its ownership and control, except where the commission shall have given permission for such activity in the specified area or portion thereof and further providing that a violation thereof would be a criminal offense, was an unconstitutional delegation of Legislative power to an administrative agency. He further claims that a citizen has a constitutional right to engage in any activity, including swimming, and that the statute under which he was convicted is unconstitutional because, under the guise of police power and for

the ostensible purpose of promoting public health, safety, and welfare, it tends to stifle or prohibit such activities altogether in violation of his legal rights as an individual. In support of his contentions, appellant relies solely and exclusively upon the decision of this court in Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N. W. 2d 227 (1960). In that case this court held that an attempted delegation of powers by the Legislature to the Director of the Department of Agriculture and Inspection, under the facts of that case, was unconstitutional. In that case the act involved provided that: "The director is hereby authorized to adopt, by regulation, minimum standards for the sanitary quality, production, processing, distribution, and sale of Grade A milk and Grade A milk products, and for labeling of the same. Such regulations shall comply generally with the Milk Ordinance and Code—1953 recommendations of the Public Health Service, of the Department of Health, Education and Welfare of the United States." It was further provided in another part of the act that any person or persons violating the rules or regulations issued therein shall be guilty of a misdemeanor and shall, upon conviction, be fined not less than $25 nor more than $100 for the first violation, and not less than $100 nor more than $500 for a subsequent violation. The court held that the Legislature could not delegate its power to create criminal offenses and prescribe penalties to an administrative or executive authority; that such powers are exclusively legislative and may not be delegated to the executive branch of the government under the doctrine of division of powers contained in the state Constitution; and, further, that the grant of power by the Legislature to the Director of the Department of Agriculture and Inspection to promulgate rules and regulations in general compliance with a model code, in accordance with his judgment or whim, the violation of which are made crimes subject to punishment, is an unconstitutional delegation of legislative power to an

administrative authority. This court found that under that statute, the Director, and not the Legislature, defined what should be criminal offenses.

We think that the foregoing statute is readily distinguishable from the statute involved in this case. Section 81-805 (5), R. S. Supp., 1972, under which appellant was charged, does authorize the Game and Parks Commission to enact regulations permitting swimming and other water sports, but in addition specifically provides ". . . that any person who shall swim, bathe, boat, wade, water ski, or use any floatation device on all or any portion of any area under the ownership or control of the commission, *unless the commission shall have given permission for such activity in the specific area or portion thereof,* shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished as provided in subdivision (9) of this section; . . . ." (Emphasis supplied.) Subdivision (9) above referred to provides, among other things: "Any person guilty of a misdemeanor as set forth in . . . *this section* shall, upon conviction thereof, be punished by a fine of not less than ten dollars, nor more than one hundred dollars, or by imprisonment in the county jail not to exceed thirty days, or both such fine and imprisonment." (Emphasis supplied.) It is clear, therefore, that in the statute involved in the instant case, the Legislature itself actually established the crime and the penalty for violation of the statute. To paraphrase the language of the Legislature, it is provided that any person who shall swim in any area under the ownership or control of the commission, without permission from the commission, shall be guilty of a misdemeanor, and punished accordingly. The only thing that is left to the decision or discretion of the commission is the designation of the appropriate areas where swimming may be permitted, and the posting of the proper notices for such areas. Obviously the filling in of the minor details relative to the implementation of the statute would have to be delegated by the

Legislature, as it is not to be expected and, in fact, would be a physical impossibility for the Legislature to visit all the state lakes personally, and make its own determination of where swimming should be permitted.

On the other hand, the act involved in Lincoln Dairy Co. v. Finigan, *supra*, did not contain a legislative definition of the crime itself, as did the statute in this case. It merely provided that the Director should have the power to make rules and regulations, and if he did so the Legislature provided that a violation of such regulations would be a misdemeanor, and punishable as such. In other words, the Director, under that act, was given the absolute power to determine what conduct would be punishable under the regulations that he drew. This clearly would be an unconstitutional delegation of its power by the Legislature to an administrative agency or an executive of the government; and this court so held. The statute involved in this case is totally unlike the act involved in the Lincoln Dairy Co. case for the reasons previously stated; and we conclude that there is no unconstitutional delegation of legislative power involved in the statute in this case.

We wish to point out, in passing, that the situation involved herein, where the Game and Parks Commission is permitted by law to designate and post the areas where swimming is permitted, is similar and analogous to certain traffic laws of this state, which variously provide that the Department of Roads, county boards, Game and Parks Commission, and local authorities may establish or modify existing speed limits for motor vehicles, after a determination of the desirability of necessity for so doing, and the posting of the new speed limits. See, for example, §§ 39-665 and 39-697, R. R. S. 1943, and §§ 39-662 and 39-666, R. S. Supp., 1974.

Furthermore, we conclude that appellant's claim he had a constitutional right to swim wherever he wished, and that the statute involved herein prohibiting him from doing so is unconstitutional, is likewise without

merit. There is no question that the statute involved is a proper exercise of the police power. While we can appreciate and understand the desire of the appellant, a life-time swimmer, to swim out beyond the area designated by the Game and Parks Commission, and with full recognition of his right to swim in state owned and controlled lakes, we think it is clear that that right may be restricted in order to protect the public health, safety, and welfare. The state has a legitimate interest in averting the confusion and disaster which might well result from the unrestricted intermingling of countless water skiers, fishermen, swimmers, etc., in controlled recreation areas. The rules and regulations of the commission, adopted pursuant to section 81-805(5), R. S. Supp., 1972, are reasonably related to the purpose of providing the public with safe and orderly recreation areas; and the restraint on appellant's personal "freedom" is outweighed by the collective benefits to the public. We conclude, therefore, that the statute under which the appellant was charged and convicted, and which he, admittedly, willfully violated, is in all respects constitutional; and his conviction, must, therefore, be affirmed.

AFFIRMED.