REQUESTED BY: Dear Senator Cullan:
You have asked whether the Department of Health will have authority to make the four sets of rules it will be directed to make by the Emergency Medical Technician-Paramedic Act if it is amended by LB 298 as amended by your committee. Those rules would prescribe the qualifications for certification and recertification; prescribe procedures for certification, recertification and decertification; set standards for approved training programs; and set standards for approved service programs. We have concluded the department will have no authority to set the qualifications, but it will have authority to make some rules in each of the other areas.
The Legislature as an exercise of the police power may require licensing in those occupations or professions where the practitioner must have skill and technical knowledge not possessed by the general public if the public is to be protected. See City of Louisville v. Coulter, 177 Ky. 242,197 S.W. 819 (1917). The measures it adopts in the exercise of that power must have some reasonable relationship to the protection of the public. See Lincoln Dairy Co. v.Finigan, 170 Neb. 777, 104 N.W.2d 227 (1975). It may also require new proof of competency before a license is renewed. See Seignious v. Rice, 273 N.Y. 44, 6 N.E.2d 91 (1936). However, it may not delegate legislative powers to an administrative agency. See State v. Cutright, 193 Neb. 303,226 N.W.2d 771 (1975). Thus the Legislature may not delegate to the department the authority to determine what age, training, experience and personal qualities are necessary to protect the public when advanced emergency medical technicians are practicing medicine under the supervision of a physician or his surrogate.
On the other hand, the Legislature may delegate to an administrative agency the power to ascertain the facts upon which the laws are to be applied and enforced or to do specific acts necessary to the furtherance of the purposes of the act. See Lennox v. Housing Authority of the City ofOmaha, 136 Neb. 582, 591, 290 N.W. 451 (1940). The power granted to the agency must be limited to the expressed legislative purpose and administered in accordance with standards prescribed in the legislative act. See TerryCarpenter, Inc. v. Nebraska Liquor Control Commission,175 Neb. 26, 120 N.W.2d 374 (1963).
There are guidelines in the proposed act for the department to use in prescribing the requirements for approved training programs and for approved service programs. They include purpose of the act, the definitions of the various categories of advanced emergency medical technicians, the scope of practice for each category, and the aspects of the program to be regulated.
There are guidelines for the department to use in prescribing procedures for certification. They include graduation from an approved program and a finding that the applicant has not violated any of the grounds for denying certification.
There are guidelines for the department to use in prescribing procedures for recertification. They include the lapse of two years since certification and compliance with the act and the rules and regulations made under it. The Legislature has also specified that to be recertified a person must have completed an ongoing educational program approved and developed by the Board of Advanced Emergency Medical Care with the approval of the department. However, it has set no guidelines for that program such as the type, amount and purpose of such training. If continuing education is to be a condition for recertification, the Legislature should set such guidelines.