STATE OF NEBRASKA, APPELLEE, v. LARRY DICKSON, APPELLANT.
288 N. W. 2d 48

Filed February 5, 1980. No. 42780.

Cronin, Shamberg & Wolf, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant was convicted of escape and sentenced to 2 years probation, including 90 days imprisonment in the county jail. He has appealed and contends his conviction was not sustained by the evidence and was contrary to law.

The record shows the defendant was arrested outside of the Brick Bar in Grand Island, Nebraska, on November 14, 1978, by a Grand Island police officer. The defendant's former wife was in the bar and, apparently, had made a complaint to the police about the defendant. The defendant was placed in a police vehicle, and while he was being taken to the county jail he opened the left rear door of the vehicle and escaped. The defendant was recaptured within a short time and taken to the jail.

The record further shows that when the defendant was arrested, he was advised he was under arrest for "violation of a restraining order." On June 29, 1978, a temporary order had been entered in the proceeding for the dissolution of the marriage between the defendant and his wife, enjoining and restraining the defendant from molesting or disturbing the peace of the petitioner. The temporary order was not in effect on November 14, 1978, because a final judgment had been entered in the dissolution proceeding on September 6, 1978. See § 42-357, R. R. S. 1943.

There is no evidence in this case that the defendant was arrested for any reason other than the police officer believed the defendant was violating the restraining order. The defendant offered to prove he had not committed a criminal offense prior to his arrest and that the arresting officer had no probable cause to believe the defendant had committed any criminal offense at the time he was arrested. Objections to the offers to prove were sustained on the ground of relevancy.

The information alleged that the defendant, "while in the legal custody of a law enforcement officer," had escaped from such custody. An essential element of the offense, which the State was required to prove, was that the defendant was in legal custody at the time he escaped. See § 28-736, R. R. S. 1943. See, also, Akins v. State, 253 Ark. 273, 485 S. W. 2d 535; People v. Tedesche, 3 App. Div. 2d 220, 159 N. Y. Supp. 2d 486; Warren v. State, 371 So. 2d 219 (Fla. App., 1979); Annotation, 70 A. L. R. 2d 1430; 27 Am. Jur. 2d, Escape, Prison Breaking, and Rescue, § 7, p. 854; 30A C. J. S., Escape, § 5 (2), p. 882.

The State relies upon State v. Reeves, 199 Neb. 725, 261 N. W. 2d 110, in which a conviction for escape was affirmed. In the Reeves case the defendant was arrested for possession of marijuana after marijuana had been found in his motel room during a search pursuant to warrant. Later, a motion to suppress was sustained. We held this did not prevent the defendant from being in legal custody because there had been probable cause for the arrest, and guilt or innocence of the charge for which an arrest is made is immaterial to a charge of escape.

The distinction between the Reeves case and this case is that the defendant here was not suspected of any criminal offense and there was no probable cause for the arrest. Ordinarily, violation of an injunction by itself is not a crime. Smolczyk v. Gaston, 147 Neb. 681, 24 N. W. 2d 862.

It is unnecessary to consider what authority a police officer may have to arrest for the violation of a restraining order where there has been no contempt proceedings because the record in this case shows the restraining order was not in effect at the time the arrest was made.

Since the record fails to show the defendant was in "legal custody" at the time of the arrest, the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.