STATE OF NEBRASKA, APPELLEE, v.
TOM GREASER, APPELLANT.

300 N.W.2d 197

Filed January 9, 1981. No. 43194.

Haessler, Sullivan & Inbody for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The defendant was convicted of unlawfully removing himself from official detention by escaping from

the Saunders County jail and was sentenced to imprisonment for 1 year. He has appealed and contends that the evidence was not sufficient to sustain the finding of guilty and that Neb. Rev. Stat. § 28-912 (Reissue 1979) is unconstitutional.

On February 27, 1979, the defendant was sentenced to 2 years probation for petty larceny and malicious destruction of property. On March 29, 1979, he was arrested for violation of probation and lodged in the Saunders County jail. On April 3, 1979, the defendant and another prisoner escaped from the jail.

The defendant contends he was not in "official detention" because the probation officer who ordered his arrest did not have probable cause to believe the defendant had violated his probation. The defendant relies on *State v. Dickson*, 205 Neb. 476, 288 N.W.2d 48 (1980), which involved an offense under the prior statute, Neb. Rev. Stat. § 28-736 (Reissue 1975), which has since been repealed. Under the prior statute "legal custody" was an element of the offense.

Under the new statute, Neb. Rev. Stat. § 28-912 (Reissue 1979), official detention includes detention in any facility for custody of persons under charge of crime or any other detention for law enforcement purposes. Under the present statute it is no defense that the prisoner may be innocent of the offense for which he is being held. If a prisoner escapes from jail while he is being held on a charge of violation of probation, the fact that the charge may be unfounded does not prevent him from being guilty of escape.

The defendant further contends § 28-912 is overbroad because it prevents a citizen from fleeing to avoid an unlawful arrest. It is unnecessary to consider this contention at length in this case because the defendant lacks standing to raise the issue. Section 28-912 clearly applies to the defendant because at the time of his escape he was being held in a facility for custody of persons under charge of crime. A person to whom a statute may be constitutionally applied will not be

heard to challenge the statute on the ground that it might conceivably be applied unconstitutionally to others in situations not before the court. *State v. Shiffbauer*, 197 Neb. 805, 251 N.W.2d 359 (1977).

The judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., and WHITE, J., concur in result.