REQUESTED BY: Senator Jerome Warner Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Warner:
You have asked whether legislation is needed to clarify the role of dental hygienists who, `under the supervision of a licensed dentist, may perform the scaling and polishing of teeth in the oral prophylaxis procedure and such additional procedures as are prescribed in accordance with rules and regulations adopted by the Department of Health.' Neb.Rev.Stat. § 71-193.09 (Reissue 1976). We have concluded that the statute as written requires the easy availability or physical presence of the licensed dentist to direct and inspect the work of the dental hygienist in scaling and polishing teeth in the oral prophylaxis procedure. Legislation is needed only if you wish to give `supervision' a different meaning or if you wish to designate other acts which a dental hygienist may do.
A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. Ragland v. Norris Public Power Dist., 208 Neb. 492
(1981).
There is nothing in Neb.Rev.Stat. § 71-193.09 itself or in the statutes pertaining to dental hygienists that would indicate `supervision' is to be given other than its ordinary meaning. That meaning, according to The American HeritageDictionary of the English Language, is: `To directand inspect the performance of (workers or work); oversee; superintend.' (Emphasis added.) That definition supports an inference that the licensed dentist must be available to check the work of the dental hygienist.
If the meaning of Neb.Rev.Stat. § 71-193.09 were open to statutory construction, we could look at statutes inpari materia and at the legislative history of the act to find the intent of the Legislature. See, SID No. 1 v.County of Adams, 209 Neb. 108 (1981) and Pettigrew v. HomeInsurance Co., 191 Neb. 312 (1974). For example, the statutes regulating physician's assistants which, like the statutes regulating dental hygienists, are part of the Uniform Licensing Law, do define `supervision' of physician's assistants in Neb.Rev.Stat. § 71-1,107.16(5) (Reissue 1976):
 "Supervision shall mean responsible supervision and control where the licensed physician assumes legal liability for the services that the physician's assistant renders. Except in cases of emergency, supervision shall require the easy availability or physical presence of the licensed physician for consultation and direction of the actions of the physician's assistant."
Prior to 1971, Neb.Rev.Stat. § 71-193.09 required `direct' supervision by a licensed dentist of enumerated acts by a licensed dental hygienist. Two bills to amend that statute were introduced in 1971. LB 587 proposed to allow a licensed dental hygienist to `perform such duties as are prescribed by a licensed dentist and performed under the direct supervision of a licensed dentist.' LB 616 enumerated clinical procedures a dental hygienist could do and proposed to allow such person also to perform `other procedures delegated by the dentist in accord with the rules and regulations of the State Board of Dentistry.' No supervision was specified.
The compromise bill was LB 587, amended to provide that dental hygienists, `under supervision by a licensed dentist,' could do scaling and polishing of teeth in the oral prophylaxis procedure and `such duties as are prescribed in accordance with rules and regulations adopted by the Department of Health.' The Committee Statement reported that `[a] joint meeting of the dentists, dental hygienists, and dental association members resulted in a thorough discussion of the proposed amendments, and the amendments were agreed on by all parties involved, so that the objections to LB 587 would be eliminated and actually LB 616 would be included in LB 587.' That was not the case. LB 587 still required `supervision,' although not `direct supervision.' It stated only one act instead of many that a dental hygienist could do and delegated to the Department of Health, not to the licensed dentist, the authority to specify other acts a dental hygienist could do.
We might infer that the proponents of the two bills thought that by their compromise they had changed the nature of the supervision required. However, we cannot ignore the plain meaning of `direct,' that is, without intervening persons, conditions or agencies. See, The American HeritageDictionary of the English Language. (That qualification may have been redundant, given the continuing requirement that the supervision be by a licensed dentist.) However, such a discussion is merely academic here where the plain meaning of the statute requires a licensed dentist to direct and inspect the work of a dental hygienist. It is reasonable to assume this requires the easy availability or physical presence of such dentist when the dental hygienist is at work.
The Legislature has barred the general public from the practice of dentistry but has allowed dental hygienists who meet certain qualifications to scale and polish teeth in the oral prophylaxis procedure. It is for the Legislature, not an administrative agency, to specify what other acts constituting the practice of dentistry a dental hygienist with specified qualifications can do that the general public cannot do. That is a legislative function. Such a function cannot be delegated. State v. Cutright, 193 Neb. 303
(1975).
Sincerely yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General