STATE OF NEBRASKA, APPELLANT, V. SCOTT E. SPRAGUE, APPELLEE.

330 N.W.2d 739

Filed February 25, 1983. No. 82-369.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellant.

Cassel & Cassel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

BOSLAUGH, J.

This is a proceeding in error under Neb. Rev. Stat. § 29-2315.01 (Reissue 1979) to review an order of the District Court affirming the judgment of the county court which dismissed the complaint against the defendant.

The complaint, filed April 23, 1980, charged that the defendant had violated Neb. Rev. Stat. § 37-1111 (Reissue 1978), which prohibits the operator of a motor vehicle from entering a permit area without a valid motor vehicle entry permit permanently affixed to the vehicle. The county court found that the statute was unconstitutionally vague and indefinite and dismissed the complaint.

There is no dispute concerning the facts. The record shows, and the county court found, that the defendant drove his motor vehicle into the Long Pine State Recreation Area on April 20, 1980, without having a motor vehicle park entry permit affixed to the vehicle.

There is only one entrance to Long Pine State Recreation Area. The area had been designated as a permit area, and at the entrance there was an unobstructed sign 14 inches by 18 inches, posted 4 feet above the ground, which read:

NEBRASKA<br>
STATE PARK<br>
PERMIT<br>
<br>
VALID<br>
VEHICLE<br>
ENTRY PERMIT<br>
REQUIRED TO<br>
ENTER<br>
THIS PARK AREA<br>
<br>
APRIL 1st. OCT. 31st.

The defendant saw and read the sign and knew that a permit was required and that a permit was not affixed to his vehicle. The defendant had parked his vehicle in the restricted area and was picnicking with his family when he was approached by a State Game and Parks Commission conservation officer. After the officer ascertained that the defendant did not have a permit, he issued a citation to the defendant. The defendant attempted to buy a permit from

the officer, but he refused to sell one to the defendant because that was contrary to the established policy of the commission.

The park entry permit system was established in 1977. In 1978, the first year the permits were required, an officer, upon finding a violator, was instructed to warn the offender and advise him to leave or to sell him a permit. In 1979 citations were given to those who refused to leave after a warning. In 1980 and 1981 no permits were sold by the officers to offenders, and the law was strictly enforced. Citations would not be issued to someone who drove through the park without stopping or who was looking for the office.

The law applies only to motor vehicles and motorcycles. Persons who walk or ride a bike into the park do not need to purchase a permit.

The following statutory provisions are involved in this appeal.

Section 37-1111 provides: "It shall be unlawful for any motor vehicle to enter a permit area unless such motor vehicle has permanently affixed thereto a valid permit, except as provided by sections 37-1101 to 37-1114. Any operator of a motor vehicle which enters a permit area without a valid permit, unless in direct and continuous travel to the commission office at such area for the purpose of procuring such permit or as otherwise excepted under section 37-1103, shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine of not less than fifteen dollars."

Neb. Rev. Stat. § 37-1102(3) (Reissue 1978) defines "permit areas" as follows: "Permit areas shall mean those areas, or portions of areas, of the Nebraska state park system which are defined in subdivisions (2), (3), (4), and (5) of section 81-815.22, and which are designated as provided in sections 81-815.23 and 81-815.24, for which entry permits shall be required by the commission as provided in sections 37-1101 to 37-1114."

The implementing regulation defines "permit area" as follows:

"5-(1)(1)i Definitions

. . . .

"Permit Area: Those areas of the Nebraska State Park System designated by the Game and Parks Commission for which entry permits shall be required.

"5-(1)(1)ii Operation

"Designated permit areas or portions thereof requiring a valid motor vehicle entry permit shall be defined as. follows unless otherwise posted: All State Parks, all State Recreation Areas except Brownville and the Ak-Sar-Ben Aquarium parking facility at Schramm Park State Recreation Area and the motorcycle trails portion of Fremont Lakes State Recreation Area, and Mormon Island and Windmill State Wayside Areas as defined in Section 81-815.22, Revised Statutes of Nebraska. Those sites within such areas designated as concession and/or seasonal cabin areas shall be classified as exempt from the entry permit requirement. Unless otherwise posted, all remaining State Wayside Areas and all State Historical Parks shall be classified as non-permit areas and exempt from the entry permit requirement."

The county court found that the statutory definition of "permit areas," as implemented by the regulations and warning signs posted at the entrances to the permit areas, was unconstitutionally vague and indefinite because motorists were not advised as to the enforcement policies adopted by the commission and there was an improper delegation of discretion in contravention of Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981). The defendant argues that the delegation of authority to the State Game and Parks Commission to designate the permit areas is unconstitutional and the system of requiring permits only for motor vehicles makes an unreasonable classification.

The State argues that the statutory definition of "permit areas" is not vague; that the State has no duty to advise by sign of the consequences of failing to obey the law; and that no improper delegation of authority occurred as a result of the statutory scheme.

The State contends that the defendant has no standing to raise a vagueness challenge to § 37-1111. The record shows, and the county court found, that the defendant knew by reading the sign that a permit was required but entered the park anyway. The State argues that one who is on notice that his conduct is proscribed can not challenge for vagueness the law which proscribes it.

In *State v. Shiffbauer,* 197 Neb. 805, 251 N.W.2d 359 (1977), we refused to decide a vagueness challenge, stating, " 'One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' " *Id.* at 809, 251 N.W.2d at 362.

In *Shiffbauer, supra,* we quoted from *Parker v. Levy,* 417 U.S. 733, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974). In the *Parker* case the Court reversed a circuit court of appeals decision which gave the defendant Levy standing to challenge a law for vagueness. Levy based his challenge on the law's hypothetical application to others, "a blending of the doctrine of vagueness with the doctrine of overbreadth." *Id.* at 756. In denying Levy standing for such a challenge the Court stated that one who receives fair warning that his conduct is criminal from the statute in question is not entitled to attack it for vagueness because it does not give fair warning with respect to other conduct which it proscribes.

In *State v. Greaser,* 207 Neb. 668, 300 N.W.2d 197 (1981), we said of the defendant's overbreadth challenge: "A person to whom a statute may be constitutionally applied will not be heard to challenge the statute on the ground that it might conceivably be applied unconstitutionally to others in situations not before the court." *Id.* at 669-70, 300 N.W.2d at 198.

See, also, *State v. Brown,* 191 Neb. 61, 213 N.W.2d 712 (1974).

Since the defendant was on notice that his conduct was prohibited, under the rules cited above, he has no standing to make such a challenge. Implicit in his argument is that the statute must be deemed vague because others may not be put on notice by the statute. This argument also fails because he has no standing to challenge the statute on the basis of overbreadth. See, also, *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973).

If we assumed that Sprague had standing to raise a vagueness challenge, we would conclude that the statutory term "permit area" is not impermissibly vague.

The test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *State ex rel. Douglas v. Herrington,* 206 Neb. 516, 294 N.W.2d 330 (1980); *Rose v. Locke,* 423 U.S. 48, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975). A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding. *State v. Metteer,* 203 Neb. 515, 279 N.W.2d 374 (1979). In determining whether a statute is vague and therefore does not give a defendant adequate notice that his conduct is proscribed, the statute must be examined in light of the conduct with which the defendant is charged. *State v. A. H.,* 198 Neb. 444, 253 N.W.2d 283 (1977).

The defendant argues that the term "permit area," defined as an area which requires a permit for entry, is unconstitutionally vague because the definition is circular. This does not render the statute vague. The prohibition against vagueness does not invalidate a statute simply because it could have been drafted with greater precision. The test is whether the defendant could reasonably understand

that his conduct was proscribed by the statute. *Rose v. Locke, supra.*

It is clear that the defendant could understand from the statute that entering a designated park by vehicle without a permit was prohibited. Further, the defendant did so understand after reading the sign. It is likewise evident that the term "permit area" can be easily understood by resort to its definition in common usage. A permit is "any document which grants a person the right to do something" (Black's Law Dictionary 1026 (5th ed. 1979)); in this case, the right to enter a park area designated as one requiring such a permit. When judged by the applicable criteria, the term "permit area" is not impermissibly vague.

The State next argues that the finding that the State was required to give notice of certain facts relating to enforcement policies in the roadway sign was erroneous. Specifically, the county court found that the sign did not give notice of the fact that an entry permit could not be purchased after entry; that compliance was not required of vehicles which entered but did not stop; that citations would be issued to persons who entered the park by vehicle and used its facilities without a permit; that conservation officers would not aid violators in complying with the law; and that by informal policy a conservation officer could exercise discretion in issuing citations.

The county court held that the failure to give notice of these facts either in the statute, the regulations, or the sign rendered the statute unconstitutionally vague, as it did not give the violator adequate notice of what was prohibited and the informal enforcement policy was an improper delegation of authority in contravention of §§ 84-901 et seq.

The State has no obligation to give notice of these facts by statute, regulation, or sign. Due process requires that a statute put men of reasonable intelligence on notice of what it forbids or requires. *Rose*

*v. Locke, supra.* Section 37-1111 provides such notice, and includes notice of the fact that a motorist "in direct and continuous travel to the commission office" to secure a permit will not be deemed in violation of the statute.

Due process does not require that notice be given, whether by statute, regulation, or sign, of an agency's enforcement policy. The general rule regarding prosecutorial discretion in law enforcement is that, unless there is proof that a particular prosecution was motivated by an unjustifiable standard based, for example, on race or religion, the use of such discretion does not violate constitutional protections. *State v. Bartlett,* 210 Neb. 886, 317 N.W.2d 102 (1982); *State v. Long,* 206 Neb. 446, 293 N.W.2d 391 (1980); *State v. Bird Head,* 204 Neb. 807, 285 N.W.2d 698 (1979). It follows that there is no constitutional right to notice that such discretion may be exercised.

Neb. Rev. Stat. § 37-1110 (Reissue 1978) requires in part: "The commission shall post signs at all entrances to permit areas and the text of such signs shall clearly convey the fact that motor vehicles using the area are required to display a permit." This statutory requirement was complied with. As noted before, due process does not require any notice other than that the statute must inform adequately of what is forbidden or required. Once this requirement is met, and in the absence of a statutory notice provision, the law presumes that an actor who has reached the age of accountability knows the law. *Satterfield v. State,* 172 Neb. 275, 109 N.W.2d 415 (1961). See, also, *State v. Montoya,* 91 N.M. 262, 572 P.2d 1270 (1977). The constitutional and statutory notice provisions having been met, Sprague is presumed to know the law and can not be heard to argue that the sign did not adequately inform him of the statute's provisions.

The failure to detail enforcement procedures in the statute and regulations was not an improper

delegation of discretion in contravention of §§ 84-901 et seq. Article 9 of Chapter 84, entitled "Rules of Administrative Agencies," relates to the adoption of rules and the procedure in contested cases. As noted earlier, permitting discretion in enforcement by itself does not violate constitutional rights, nor does the absence of notice of such an enforcement policy render the statutory scheme impermissibly vague.

The discretion exercised by the commission in enforcement of § 37-1111 by conservation officers did not exceed the statutory authority of the agency. The general rule is that the Legislature may not delegate legislative authority to an administrative agency. The Legislature may authorize an agency to make rules and regulations for the operation and enforcement of a law, such to be limited to rules within the express legislative purpose of the act and to be administered in accordance with standards expressed in the act. *Gillette Dairy, Inc. v. Nebraska Dairy Products Board,* 192 Neb. 89, 219 N.W.2d 214 (1974). No unconstitutional delegation of authority occurs when the Legislature defines a crime and sets a penalty therefor, but delegates the implementation of details to an administrative agency. *State v. Cutright,* 193 Neb. 303, 226 N.W.2d 771 (1975). Nor is it unconstitutional for the manner and method of enforcing a law to be delegated, since of necessity this must be left to the reasonable discretion of administrative officers. *School District No. 39 v. Decker,* 159 Neb. 693, 68 N.W.2d 354 (1955).

In the present case, the purpose of the act is clearly spelled out in Neb. Rev. Stat. § 37-1101 (Reissue 1978): "For the purpose of supplying additional revenue to better accommodate the increasing public use of the Nebraska state park system by providing improved operation and maintenance, the Game and Parks Commission shall require an entry permit to be affixed to motor vehicles which enter areas of the Nebraska state park system which are

designated as permit areas by the commission as provided by sections 37-1101 to 37-1114."

Neb. Rev. Stat. § 37-1112(1) (Reissue 1978) makes a proper delegation of authority to the agency: "The commission may adopt or enact such rules and regulations as are necessary to administer the entry permit program and to carry out the purposes and intents of sections 37-1101 to 37-1114."

The agency, by instituting a policy of enforcement which included warnings and sales by officers in the initial years, and strict enforcement with no permit sales by officers to violators in the later years, carried out the enforcement responsibilities of the agency within the enunciated policy and was within the proper discretion of the agency. No improper delegation has been made.

The defendant contends that because permits are required of only those who enter permit areas by motor vehicle, only drivers are singled out for different treatment not based upon a rational classification. The defendant argues that the fee charged the drivers does not bear substantial relationship to the object of the legislation, i.e., to raise revenue for park maintenance.

In *Ralston v. County of Dawson,* 200 Neb. 678, 681, 264 N.W.2d 868, 870 (1978), we said, " ' "That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. * * * Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it.". . .' "

The legislative purpose in passing the permit law was to generate revenue for the maintenance and improvement of the Nebraska state park system. § 37-1101. The imposition of the fee on motor vehicles bears a rational relationship to this purpose.

The record indicates most users of the park system enter by motor vehicle and the presence of the vehicles and those who enter in them generate a great portion of the need for improvements and facility maintenance.

We conclude that the judgment of the District Court and the order of the county court were erroneous and the exceptions must be sustained.

EXCEPTIONS SUSTAINED.