REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Cullan:
This is in reply to your inquiry which pertains to LB 126 of the Eighty-eighth Legislature, First Session 1983. That legislative bill is an act to provide a work-study program for students at certain postsecondary educational institutions. You ask if the amendment thereto of March 1, 1983, which would limit the benefits of this act to eligible Nebraska students who are enrolled in either a public or private postsecondary institutions in this state which offer courses of instruction leading to a bachelor's, master's, or professional degree, violates the Nebraska Constitution which prohibits special legislation.
Neither the United States Constitution nor the Nebraska Constitution deprive the Legislature of any right to classify objects for legitimate governmental purposes. Thus, it is well settled law that the Legislature may classify objects of legislation, and if the classification is reasonable and not arbitrary, it is a legitimate exercise of legislative power and not violative of the Nebraska Constitution.City of Scottsbluff v. Tiemann, 185 Neb. 256,266, 175 N.W.2d 74 (1970). Likewise, it is well settled law that nonfundamental rights classifications are not violative of the Equal Protection Clause of the United States Constitution `if any state of facts reasonably can be conceived that would sustain it.' State v. Sprague, 213 Neb. 581,591, N.W.2d (1983); Lindsey v. National Carbonic GasCo., 220 U.S. 61, 78 (1911).
Section 1 of LB 126 states that `The Legislature hereby finds and declares that there exists an urgent need to provide financial assistance to eligible Nebraska students enrolled, or accepted, or accepted for enrollment, in eligible postsecondary institutions within this state.' However, LB 126, as amended, does not state the circumstances which give rise to that `need' and consequently we are unable to discern from the language of this legislative bill why students enrolled in certain institutions which offer courses of instruction leading to a bachelor's, master's, or professional degree would be eligible for financial assistance but students enrolled in other types of postsecondary institutions are not. Moreover, since the language used in this legislative bill seems clear, a court, in construing it, could find that the language used cannot be amplified or contracted by legislative proceedings pertaining thereto. Sun InsuranceCo. v. Aetna Insurance Co., 169 Neb. 94, 112, 98 N.W.2d 692
(1959). Thus, on its face, the classification created by LB 126, as amended, is arbitrary and arguably unconstitutional.
On the chance that it would somehow be proper for a court to examine the legislative history of LB 126, we have examined the floor debate thereon to ascertain if it sheds any light on your question. Upon doing so we find that at least some members of the Legislature were of the opinion that the state could not, realistically, appropriate sufficient funds to cover the entire student population and therefore it should target the appropriations that could be made available to those programs that clearly lead to those degrees which serve a certain need in our society. What are those degrees? The floor debate discloses the following:
 We are not graduating enough people in mathematics. We are not graduating enough people in sciences. We are not graduating enough people in genetics. We are not graduating enough people in computer sciences. We are not graduating enough people in medicine. We are not graduating enough people who are knowledgeable of foreign languages. We are not graduating enough people who can teach those subjects.
The above quoted floor debate is commendable. Unfortunately, there is nothing in the language used in LB 126 which would limit or target any appropriation made to implement this legislative bill to students enrolled in courses of study which leads to one of the above stated degrees. Nor is there anything in LB 126 which would limit the number of years a student could participate in the work-study program while pursuing a course of study leading to one of the above stated degrees. In short, we find nothing in the language used in LB 126 that would tend to insure that the above quoted needs would ever be met.
Upon giving due consideration to the above, we hesitate to say that LB 126, as amended, is unconstitutional. On the other hand, we can tell you that a court could find it to be special legislation. At the very least, the constitutionality of this legislative bill would be very difficult to defend.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General