REQUESTED BY: Senator Vard Johnson Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Johnson:
You have requested our opinion regarding certain changes you wish to make in the provisions of your proposed legislation to create a high-risk pregnancy support program to be administered by the Department of Health. Specifically, you have presented us two approaches which would alter both the definition of high-risk pregnancy and the procedures which could be employed to treat such a condition and funded under this bill. The question you have raised concerns whether either of these approaches would constitute an unlawful delegation of legislative authority to the Department of Health, or whether one or both would provide proper statutory guidance for the implementation of the high-risk pregnancy support program.
As a general rule, the Legislature cannot delegate legislative authority to an administrative body. State v.Sprague, 213 Neb. 581, 330 N.W.2d 739 (1983). The Legislature may, however, grant general powers to an administrative agency and delegate to the agency the power to enact rules and regulations concerning the details of the legislative purpose. Gillette Dairy, Inc. v. Nebraska Dairy ProductsBoard, 192 Neb. 89, 219 N.W.2d 214 (1974).
While the Legislature may authorize an administrative agency to make rules and regulations to carry out the expressed legislative purpose of an act, the act must contain sufficient standards to guide the agency in the exercise of such powers. State v. Cutright, 193 Neb. 303,226 N.W.2d 771 (1975).
In State ex rel. Douglas v. Nebraska Mortgage FinanceFund, 204 Neb. 445, 283 N.W.2d 12 (1979), the Nebraska Supreme Court, discussing the requirement that the Legislature provide sufficient standards to guide the exercise of powers granted to an administrative agency, stated:
 The question of how far the Legislature should go in filling in the details of the standards which an administrative agency is to apply raises large issues of policy in which the Legislature has a wide discretion, and the court should be reluctant to interfere with such discretion. Such standards in conferring discretionary power upon an administrative agency must be reasonably adequate, sufficient, and definite for the guidance of the agency and the exercise of the power conferred upon it and must also be sufficient to enable those affected to know their rights and obligations. 1 Am.Jur.2d, Administrative Law, § 117, p. 923. The modern tendency is to be more liberal in permitting grants of discretion to an administrative agency in order to facilitate the administration of laws as the complexity of economic and governmental conditions increases. 1 Am.Jur.2d, Administrative Law, § 118, p. 925.
In accordance with the modern trend to liberally permit grants of discretion to administrative agencies, courts have upheld extremely broad and general grants of authority as providing sufficient standards to guide agency action. SeeDiefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied 459 U.S. 1107 (1983);Upholstered Furniture Action Council v. California Bureauof Home Furnishings, 442 F. Supp. 565 (E.D.Cal. 1977); Departmentof Insurance v. Southeast Volusia Hospital District,438 So.2d 815 (Fla. 1983).
As you noted in your letter, high-risk pregnancy is a complex medical condition with respect to both the determination the condition exists and the procedures necessary for treatment of this condition. Given the complexities and need for flexibility in establishing standards within which the Department may carry out the purposes of the act, we feel a legislative determination to utilize broad guidelines would be sufficient, and appropriate, under the circumstances.
Applying the principles, we believe your first proposed amendment, which would replace the specific definition of a high-risk pregnancy or condition with a general and broader definition, would provide sufficient guidance for the Department to implement the program. Furthermore, the first proposals change from the specific provisions concerning what payments associated with this condition would be covered under the act, to a broader provision providing for payment of fees or costs directly related to high-risk pregnancies, would also establish a sufficient standard for the Department to follow in administrating the program.
Your second proposed amendment would add a provision allowing the Department to include within the definition of high-risk pregnancy conditions not specifically enumerated in subsection (2) of Section 3 of the bill. While the listing of certain specific conditions in the manner proposed arguably provides sufficient legislative guidance for agency action, we believe the addition of a general definition, coupled with such specific conditions, would provide a standard which would eliminate our concern regarding the potentially improper delegation of legislative authority presented by this portion of your second proposed amendment. If you choose to adopt this alternative, we suggest that subsections (a) through (g) of Section 2 be retained, and the introductory language in Section 2 be amended in the following manner:
 (2) For purposes of this section, a high-risk pregnancy or condition shall mean a condition related to pregnancy which places the life or health of the pregnant woman or unborn child in danger to a degree beyond that which normally occurs due to pregnancy, including, but not limited to: . . . .
We believe the addition of language in your second proposal to include, in addition to the payments specifically covered,other necessary services and procedures relating to high-risk pregnancies, would provide sufficient guidance for the Department to determine that procedures and services associated with treatment of this condition could be paid for under the act.
Based on the foregoing analysis, it is our opinion that either your first proposed amendment to the bill establishing the high-risk pregnancy support program, or your second proposal, modified as we have suggested, would provide adequate standards to guide the Department of Health in the administration of the program, and therefore would not constitute an unlawful delegation of legislative authority to the Department.
Very truly yours, PAUL L. DOUGLAS Attorney General L. Jay Bartel Assistant Attorney General