## Carl Wendell AKINS *v.* STATE of Arkansas

5762                                                485 S.W. 2d 535

Opinion delivered October 16, 1972

*Kenneth C. Coffelt,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. The appellant, Carl Wendell Akins, was charged with the crimes of unlawfully opening a coin vending machine under provisions of Ark. Stat. Ann. § 41-3944 (Repl. 1964), and with escape under the provisions of Ark. Stat. Ann. § 41-3513 (Supp. 1971). He waived a jury trial in the Pulaski County Circuit Court and was tried before the trial judge sitting as a jury. He was acquitted on the vending machine charge but was convicted on the escape charge and sentenced to 30 days on the Pulaski County Penal Farm.

On appeal to this court the appellant relies on the following point:

> "There was no unlawful escape as charged, because there was no lawful custody of the defendant by the officers from whom it is alleged defendant (appellant) escaped."

We agree with the appellant.

Ark. Stat. Ann. § 41-3513 (Supp. 1971) under which the appellant was charged provides as follows:

"It shall be unlawful for any person who is *lawfully* imprisoned in any jail or other place of confinement, or *held in the custody* of any officer, for any cause whatsoever to escape, or attempt to escape, from such imprisonment or custody without the use of force or violence to the person; and upon conviction therefore, such person shall be imprisoned for a period of not more than three (3) years; provided, however, that the sentence imposed under this provision for the crime of escape or attempt to escape from imprisonment or custody shall not exceed the period of confinement imposed for the conviction of the offense for which such person is imprisoned, or prescribed by law for the conviction of the offense for which said person may be in the custody of any officer." (Emphasis added).

Mr. Bryon Greer, serviceman for a coin laundry, testified that some machines had been broken into at the Big Boy Coin Laundry and the coin boxes had been emptied. He testified that he called the officers who investigated the matter but that he had no personal knowledge of who broke into the machines other than hearsay.

The appellant was apparently stopped on the street corner by Deputy Sheriff Lewis upon request from Detective Joe Thomas. Deputy Lewis called Detective Thomas and the appellant ran away while being questioned by Detective Thomas. Apparently Detective Thomas requested the appellant's apprehension on information furnished to him by one Mary Taylor. Mrs. Taylor testified at the trial as a witness for the state, but she denied any knowledge whatever concerning the matter. Of course, Detective Thomas was not permitted to testify as to what Mrs. Taylor had told him. He did testify that during the course of his investigation he "determined that Carl Wendell Akins broke into the machine," but the trial court struck this testimony from the record on motion of the appellant's counsel. Detective Thomas testified that he identified himself to the appellant, "showed him my badge and told him that I was Detective Joe Thomas of the

Little Rock Police Department and that he was under arrest for investigation of vending machine burglaries."

The appellant testified in his own behalf and testified that Deputy Sheriff Lewis, when he first contacted him, told him that the officers wanted to talk to him about his brother, Ira. He said that he was 17 years of age, had never been convicted and was only about one block from his home when the officer stopped him. He testified that when Deputy Lewis told him that the officers wanted to talk to him, he was afraid they would beat him so he ran home. He denied he was under arrest and denied that any of the officers told him he was under arrest. He said they only told him they wanted information as to the whereabouts of his brother, Ira, but refused to believe him when he told them he did not know.

Two pertinent statutory provisions pertaining to arrest by police officers are as follows: Ark. Stat. Ann. § 43-403 (Repl. 1964).

"A peace officer may make arrest:
First. In obedience to a warrant of arrest delivered to him.
Second. Without a warrant, where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony."

§ 43-412-"An arrest is made by placing of the person of the defendant in restraint, or by his submitting to the custody of the person making the arrest."

There is a conflict in the evidence as to whether the appellant was in actual custody at the time he ran away, but assuming that he was in actual custody under the arrest as described by Detective Thomas, the question still remains as to whether the appellant was *lawfully* in custody. It is admitted that no public offense was committed in the presence of the officers and that the appellant was not arrested in obedience to a warrant of arrest. There is no competent evidence in the record that the officers had reasonable grounds for believing that the appellant had committed a felony.

In *Harding & Hildebrandt* v. *State*, 248 Ark. 1240, 455 S.W. 2d 695, we cited several opinions to the effect that one must be in lawful custody before he can unlawfully escape. In referring to the "escape statute," § 41-3513, *supra*, in *Harding & Hildebrandt* v. *State*, we said:

"The amendment provided by Act 66 of 1969 makes it now necessary to not only show by competent evidence that a person being tried for attempt to escape was lawfully imprisoned, or held in custody at the time of the attempt to escape, but it must also be shown in order to fix punishment, 'the period of confinement imposed for the conviction of the offense for which such person is imprisoned, or prescribed by law for the conviction of the offense for which said person may be in the custody of any officer.' "

The felony information filed against the appellant in the case at bar charged him with the,

"crime of violating Ark. Stat. Ann. § 41-3513 ESCAPE committed as follows, to-wit: The said defendant(s), in Pulaski County, Arkansas, on or about the 2nd day of September, 1971, did unlawfully, feloniously, *while in the lawful custody* of the Pulaski County Sheriff's Department, escape, against the peace and dignity of the State of Arkansas." (Emphasis added).

The state in the case at bar, as was the situation in *Harding & Hildebrandt, supra*, failed to show that the appellant was *"lawfully* . . . held in the custody of any officer." The record in the case at bar simply fails to show that the appellant was in *"lawful* custody" at the time he ran away from the presence of the officers.

The judgment is reversed, and the cause dismissed.