Bill WILKENS and Helen WILKENS
*v.* STATE of Arkansas

CR 76-31                                   538 S.W. 2d 298

Opinion delivered July 12, 1976

*Jeff Duty,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty.
Gen., for appellee.

CARLETON HARRIS, Chief Justice. A jury convicted
appellants, Bill and Helen Wilkens, of possession of stolen
goods, and fixed punishment at 14 years for each in the

Department of Correction. From the judgment so entered comes this appeal. It is asserted that the convictions are not supported by substantial evidence; that the trial court erred in excluding certain evidence, and that the prosecuting attorney was permitted to ask questions during cross-examination which constituted prejudicial error. We proceed to a discussion of these points.

Two witnesses testified with regard to the relevant elements of the offense. Rimer Clark, a Benton County deputy sheriff, stated that he searched appellants' home pursuant to a search warrant (the validity of which is not challenged), on March 7, 1975, and found the television in what appeared to be appellants' "living room," connected to an electrical socket and apparently in use. The deputy removed the set and returned it to the sheriff's office, where it was identified as property stolen from Horace Holland's residence in Madison County on November 11, 1974.

The owner, Horace Holland, testified that his home was burglarized on November 11, 1974, with the television and several other items missing. Holland said that he had paid $550.00 for the set, two years before the theft, and that he valued it at $300.00 when it was stolen.

Appellants and one of their employees testified that the television set was brought to the premises by Jack Humphrey, a friend and former employee of the appellants, who left it there. The Wilkinses stated they were not aware that the television had been stolen, and that they did not buy it from Humphrey. The defense offered by appellants will be more fully discussed under the next point. The testimony, if believed by the jury, was sufficient to sustain the conviction.

Although the defense was permitted to offer testimony that the Wilkenses were unaware that the television was stolen, that they did not buy it, and that Wilkens later told Humphrey that he would have to remove the set because appellants were getting ready to move, the court would not permit Mrs. Wilkens to testify concerning statements by Humphrey relative to his reason for bringing the television to their premises.

Appellants then proffered the testimony of Mrs. Wilkins to the effect that Humphrey had told her that the television belonged to him and his wife; "that they had been separated and were going back together and that he wanted to leave [the television] there until the reconciliation could be arranged and so indicated to her that it was his property, he and his wife's property." Counsel further offered to prove by Mrs. Wilkens that Humphrey had "indicated" to her "that this property was his property," and "that it was her impression at all times that the property belonged to Jack Humphrey." The trial court sustained the state's objection to this proffer, ruling that Mrs. Wilkens could not testify about what someone else had told her, and that appellants would have to produce the witness, Humphrey.

Appellants testified that a subpoena had been issued for Humphrey, but had been returned with a notation that he could not be located, and such subpoena does appear in the record. It is vigorously contended that the exclusion of this testimony deprived them of an opportunity "to explain the circumstances and reasons for the possession."

The proffered evidence was not admissible as far as establishing the truth of the statement made, but we think, under our cases, that Mrs. Wilkens should have been permitted to testify to the facts proffered as a matter of showing her reason, and motive, in accepting the television. In *Daniels* v. *State*, 168 Ark. 1082, 272 S.W. 833, this court pointed out that it was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by the accused of his possession of the stolen property, and in *Stewart* v. *State*, 214 Ark. 497, 216 S.W. 2d 873, we again mentioned that the possession of the property justified an inference that such possession was a guilty one "and may be of controlling weight unless explained by circumstances or accounted for in some other way consistent with innocence."

Of course, it is purely a matter for the jury to determine the weight of testimony offered, but we are of the view that the trial court should have permitted Mrs. Wilkens to offer her reasons for accepting the television from Humphrey, such reasons, if believed by the jury, being consistent with innocence.

It is asserted that the court erred in permitting the prosecuting attorney to ask appellants whether they were guilty of other criminal offenses. Most of the questions asked appellants related to whether they were guilty of being in possession of certain items of stolen property, the questions specifically mentioning the property and the person from whom such property had been stolen. To each question appellants answered in the negative. A large number of such questions were asked. The rule is stated in *Black* v. *State*, 250 Ark. 604, 466 S.W. 2d 463, where we said:

> "We have held that one cannot be asked if he has been indicted, or charged, or accused, of other crimes, but for the purpose of testing credibility, one may be asked if he has been convicted of a particular offense, or if he was guilty of some particular offense. The state is bound by the answer that the witness gives."

Particular complaint is made about two questions asked; in one instance the prosecutor asked Mr. Wilkens if he was guilty of arson, which was answered, "No." and the prosecutor then added to his question whether appellant was guilty of "burning your own home?" In another instance, the question propounded was, "Are you also guilty of the crime of being in possession of stolen property recently stolen from Mr. Bill Rollins and being in your possession one crystal earrings, one jet drop earrings, etc."

In the first instance, it appears only that the prosecutor was endeavoring to comply with our directive that the question be specific, *i.e.*, relate to some particular offense. The second question, containing the phrase, "being in your possession" appears improperly worded and in the nature of testimony by the prosecutor, but there could have been no prejudice, since Mrs. Wilkens herself admitted that the articles in question had been recovered from the auction house that she and her husband operated.

As previously stated, there were a number of these questions asked (seven or eight) and appellants appear to be arguing that the questions were not asked in good faith, but that the interrogation was solely for the purpose of inflaming the jury against the appellants. However, there is no showing

whatsoever that the questions were not asked in good faith, and certainly there is no rule of law that limits the number of such questions, so long as the interrogation complies with our requirements, and is made in good faith. Actually, Mrs. Wilkens admitted being in possession of several of the items inquired about. The court did not err in permitting these questions.

Because of the error heretofore discussed under Point 2, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

It is so ordered.