Bill WILKENS and Helen WILKENS *v.*
STATE of Arkansas

CR 76-190                                    547 S.W. 2d 116

Opinion delivered March 7, 1977
(Division I)

*Jeff Duty* and *Jack Lessenberry*, for appellants.

*William R. Wilson*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Following our reversal of the conviction of appellants in *Wilkens* v. *State,* 260 Ark. 168, 538 S.W. 2d 298 (1976), five pending informations, which charged the appellants, husband and wife, with the offenses of possession of stolen property, were consolidated for trial. Appellant Helen Wilkens was found guilty on four of the charges and her husband on three of them. The jury assessed five years punishment in the Department of Correction in each case. The appellants' first contention for reversal is that a mistrial should have been granted when reference was made to the appellants having been involved in other crimes not listed on the informations. A deputy sheriff was permitted to testify as to numerous items which were discovered at the residence and the auction barn of the appellants. The court admonished the jury, as requested by appellants, that evidence of possession of these various items by the appellants

was to be considered only for the purpose of determining the intent or knowledge of appellants. Evidence as to the possession of the articles here, recently stolen, was relevant to the alleged offenses of possession of stolen property. The possession tended to show the motive, intent, design and scheme of appellants to engage in the alleged illegal transactions. *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976); *Derrick* v. *State*, 259 Ark. 316, 532 S.W. 2d 431 (1976); *Kurck* v. *State*, 242 Ark. 742, 415 S.W. 2d 61 (1967); *Haight* v. *State*, 259 Ark. 478, 533 S.W. 2d 510 (1976); *Puckett* v. *State*, 194 Ark. 449, 108 S.W. 2d 468 (1937); and *Long* v. *State*, 192 Ark. 1089, 97 S.W. 2d 67 (1936).

It is next contended that the trial court erred by failing to grant appellants' motion to suppress certain evidence seized pursuant to a search warrant. A deputy sheriff secured two search warrants, one for searching appellants' residence and the other constituted authority to search their rented auction house. Both warrants directed that they be served in the day time. The search of the residence occurred during the day time (2:30 p.m.). However, the search of the auction house occurred that night (11:15 p.m.), when it was closed. It appears that at common law a search warrant was limited to the day time. However, presently a search warrant can be served at night when so provided by a statute or court rule. 68 Am. Jur. 2d, Searches and Seizures, § 110; 79 C.J.S., Searches and Seizures, § 83 c. In force at the time of the execution of these warrants was Ark. Stat. Ann. § 43-202 (Repl. 1964), which provides that a warrant to search for stolen property shall provide for an execution "in the day time." However, § 43-203 provides that "If there be positive proof that any property stolen . . . . is concealed in any particular house or place, the warrant may order the searching of such house or place in the night time." We also call attention to the present Rules of Crim. Proc., Rule 13.2, which is further restrictive. This rule provides:

> . . . . Upon a finding by the issuing judicial officer of reasonable cause to believe that:
> (i) the place to be searched is difficult of speedy access; or
> (ii) the objects to be seized are in danger of imminent removal; or

(iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy; the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

Here, the search of the auction barn was in clear contravention to the directive of the issuing magistrate and, consequently, all of the property seized there must be suppressed.

It is next contended by appellants that the trial court erred in permitting testimony of extra judicial identification of the stolen property. The deputy sheriff was permitted to testify without objection upon direct examination that he returned certain property to various individuals and he was cross-examined upon the subject. However, upon direct, the officer was permitted, over objections of appellants, to testify that the various owners of the alleged stolen property made "positive identification" in his presence. It is true that some of the owners later testified and made "positive identification." No authority exists for admitting extra judicial identification as evidence of the guilt of a defendant because testimony as to extra judicial identification "is incompetent as either substantive or corroborative evidence if there has been no impeachment of the prosecuting witness or his testimony." *Trimble* v. *State,* 227 Ark. 867, 302 S.W. 2d 83 (1957); and *Gill* v. *State,* 194 Ark. 521, 108 S.W. 2d 785 (1937). In the circumstances, we are of the view that the admission of the officer's testimony was prejudicial error. Further, his extra judicial identification of the property of the owners who did not testify is patently a violation of the hearsay rule.

Appellants' final point is that the prosecuting attorney's closing argument was improper and so prejudicial that the convictions should be reversed. Even so, the asserted error is not likely to recur upon a retrial. Again, however, we deem it necessary to observe we have held that arguments which are outside the record or have no evidentiary support constitute prejudicial error. *Long* v. *State,* 260 Ark. 417, 542 S.W. 2d 742 (1976); *Brown* v. *State,* 143 Ark. 523, 222 S.W. 377 (1920);

*Hughes* v. *State,* 154 Ark. 621, 243 S.W. 70 (1922); *Pritchett* v. *State,* 160 Ark. 233, 254 S.W. 544 (1923); and *Williams* v. *State,* 259 Ark. 667, 535 S.W. 2d 842 (1976).

The judgments are reversed and the causes remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.