Charles CLEMENTS *v.* STATE of Arkansas

CA CR 02-448                                    91 S.W.3d 532

Court of Appeals of Arkansas
Division III
Opinion delivered December 11, 2002

*William R. Simpson, Jr.*, Public Defender; and *Ashley Riffel*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. Charles Clements was convicted of third-degree battery, a misdemeanor, in a bench trial. However, at a later sentencing hearing, he was sentenced to five years' probation and 100 hours of community service, and was ordered to pay a $500 fine and court costs, and a judgment and disposition order was subsequently entered for second-degree battery, a felony. On appeal, Clements argues 1) that there is insufficient evidence to support the third-degree battery verdict, and 2) that the written conviction and sentence he received for second-degree battery is illegal on its face because he was convicted instead of third-degree battery. Clements's sufficiency argument is not preserved for our review; however, we affirm the conviction as modified to reflect that it is for third-degree battery, and remand for resentencing.

Clements was charged with second-degree battery arising from a November 7, 2000, incident in which it was alleged that he disciplined his daughter, Tonya, with a coat hanger. At trial, Tonya testified that on the morning in question, her father swatted her with a plastic coat hanger near her shoulder blades because she refused to put her tennis shoes on for school. She further stated that where she was hit stung and that a mark was left on her back. She stated her father was a school bus driver for her school, that she and her sister rode the bus he drove, and that all three of them would leave the house at 6:00 a.m. so that her father could pick up the other children in time for school. She also stated that once she got to school, she told Officer James Kesterson about what happened and that another officer came and took pictures of her back.

Officer Kesterson of the Pulaski County Sheriff's Office also testified for the State, and stated that on the morning of November 7, 2000, before he began teaching his DARE program to the class, Tonya came up to him, gave him a note, and told him to read it after class. After class, Kesterson read the note, took Tonya to the assistant principal's office, and asked her what she wanted to talk about. After listening to Tonya, Kesterson stated that he asked the principal and vice principal to examine her back to see if there were any injuries. He testified that he also checked her back and observed what appeared to be blood under the. skin, within a deep, red mark on her back. Pictures of Tonya's back were admitted into evidence, and the State then rested.

At the conclusion of the State's case, defense counsel moved for a directed verdict on the grounds that the State failed to make a prima facie showing of second-degree battery in light of the supreme court's ruling in *Sykes v. State*, 57 Ark. App. 5, 940 S.W.2d 888 (1997). Counsel specifically stated that the State's evidence did not amount to the "impairment of physical condition or infliction of substantial pain" required by the definition of "physical injury" contained in Ark. Code Ann. § 5-1-102 (Repl. 2002). The trial court denied the motion.

Charles Clements then testified on his own behalf. He testified that on the morning of November 7, 2000, Tonya wanted to walk to a friend's house to catch the bus, but that he refused to

allow her to do so because it was too dangerous. He stated that Tonya had left her tennis shoes at her friend's house as well. He stated that she got really angry about not being allowed to go and refused to get ready to get on the bus. Clements testified that after he got the bus started and put his youngest child on the bus, he came back inside to get Tonya and her sister, but that Tonya still wanted to walk to her friend's house. He stated that he swatted Tonya on her back with the hanger to get her to get on the bus, and she complied. Clements also testified that they were running late and that he had to get the kids on the bus. He stated that he did not think of using the hanger as punishment, but as a way of getting Tonya on the bus.

At the close of all the evidence, defense counsel renewed the motion for directed verdict, and also requested that the charge be reduced to battery in the third degree. Both requests were denied, and the State then made rebuttal argument, after which defense counsel requested a presentence report. According to the abstract and record, the trial court then announced, "Okay. I'm finding he is guilty of battery in the third degree, presentence report will be ordered." At a sentencing hearing approximately one month later, the trial court announced a sentence of five years' probation, and a judgment written was subsequently entered reflecting a conviction for "battery second degree" and imposing sixty months' probation. Clements appeals from this judgment and sentence.

■ ■ Motions for a directed verdict are treated as challenges to the sufficiency of the State's evidence. *Windsor v. State*, 338 Ark. 649, 1 S.W.3d 20 (1999). On appeal, the issue is whether there is substantial evidence, *i.e.* evidence that will support a conviction, without a trier of fact being required to resort to mere speculation. *Id.* Evidence is viewed in the light most favorable to the State, and only evidence that supports a verdict is considered. *Id.*

Clements first argues that there was insufficient evidence to support his conviction for battery in the third degree because the evidence fails to prove that the force he used in disciplining his daughter fell within the definition of "physical injury" as defined by Ark. Code Ann. § 5-1-102 (Repl. 1997). He relies on *Sykes v.*

*State*, 57 Ark. App. 5, 940 S.W.2d 888 (1997), in which this court reversed a second-degree battery conviction involving a grandmother who spanked her grandson with a phone cord. We held that the force applied by the grandmother fell within the exception provided by Ark. Code Ann. § 5-2-605(1) (1993) for the use of physical force by a guardian toward a child when the force is appropriate and reasonable for maintaining discipline. Clements further argues that although his conviction was for third-degree battery, a misdemeanor, the judgment entered and sentence imposed was for second-degree battery, a Class D felony. He asserts that because the sentence is thus illegal, he may raise this issue for the first time on appeal, and requests that in the alternative, if this court affirms his conviction for third-degree battery, we reduce his sentence of probation from five years to one year, the maximum authorized for a misdemeanor conviction.

In response, the State asserts that Clements's motion for directed verdict addressed only the sufficiency of the evidence in regard to second-degree battery, and Clements should be barred from challenging the sufficiency of the evidence for third-degree battery. The State alternatively contends that the evidence is sufficient to support the conviction based on the definition of physical injury in Ark. Code Ann. § 5-1-102(14) (2001). Regarding the discrepancy between the trial court's oral pronouncement of conviction at trial and the subsequent sentence imposed and judgment entered, the State contends that the trial court's sentence controls, citing *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986), and thus the oral announcement of five years' probation, and the subsequent entry of written judgment for second-degree battery should stand. The State does not address the significance of the court's oral finding of guilt of only third-degree battery made at the conclusion of the trial.

██ We agree with Clements's argument that the trial court's pronouncement of verdict controls over the later sentence and written judgment. The State's focus is upon the sentence announced by the court at the sentencing hearing while Clements's argument goes to the conviction announced a month earlier by the trial court, which is at odds with both the sentence later imposed and written judgment entered. In *Penn v. State*, 57 Ark.

App. 333, 945 S.W.2d 397 (1997), a case cited by Clements and more analogous than the authorities cited by the State, this court held that a trial court's oral granting of a motion for directed verdict in a bench trial constituted an acquittal, and, based on the double-jeopardy clause, reversed and dismissed a conviction the trial court later entered. As in *Penn*, Clements argues that the trial court's oral pronouncement of guilt for third-degree battery was an acquittal of the charge of second-degree battery, and former jeopardy considerations preclude treating the trial court's oral pronouncement as simply a misstatement.

■ Because we agree that Clements's conviction was for third-degree battery, we need not address the merits of his sufficiency argument. We agree with the State that Clements's motion to the trial court addressed only second-degree battery, and Clements does not argue on appeal that the evidence was insufficient to support a conviction for second-degree battery. Moreover, at the close of his case, Clements renewed his motion for directed verdict and requested in the alternative that the trial court reduce the count to third-degree battery, further indicating that his motion was not directed to the lesser offense. Consequently, Clements has waived the opportunity to challenge on appeal the sufficiency of the evidence to support the third-degree battery conviction, and the issue is not preserved for our review. *See Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). Additionally, Clements was granted one of the forms of relief he requested; therefore, he cannot complain about this favorable outcome on appeal. *See Sweat v. State*, 307 Ark. 406, 820 S.W.2d 459 (1991).

■ Although Clements has requested that we reduce his sentence to one year of probation, we deem it best to reverse and remand this case to the trial court for entry of a corrected judgment for conviction of third-degree battery and resentencing according to the trial court's discretion.

Affirmed as modified, and remanded for resentencing.

VAUGHT and CRABTREE, JJ., agree.