David McELYEA *v.* STATE of Arkansas

CA CR 03-851                                    189 S.W.3d 67

Court of Appeals of Arkansas
Division IV
Opinion delivered June 23, 2004

[Rehearing denied July 28, 2004.]

*Charles L. Stutte*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. In this appeal from the Washington County Circuit Court, appellant David McElyea challenges "whether the trial court erred in holding that the offense of robbery did not require a specific culpable mental state for the element of employing or threatening to employ physical force."[1] As we understand appellant's argument, he submits a challenge to the sufficiency of the evidence convicting him. He also argues that the trial court abused its discretion in denying him the opportunity to make a proper argument to the jury, "thereby denying Appellant a fair trial and due process as guaranteed under the Constitution of the United States and the State of Arkansas." Because there was no evidence in the record to support appellant's arguments, we affirm.

Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Saulsberry v. State*, 81 Ark. App. 419, 102 S.W.3d 907 (2003). The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence

---

[1] We were unsuccessful in our attempt to certify this case to the supreme court.

forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003). Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered. *Payne v. State,* 86 Ark. App. 59, 159 S.W.3d 804 (2004); *Clements v. State,* 80 Ark. App. 137, 91 S.W.3d 532 (2002). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Saulsberry v. State, supra.*

Derek Brown, a Wal-Mart loss-prevention associate, testified that, as he entered Wal-Mart and passed through sporting goods, he observed appellant. Brown stated that appellant selected a Pur water purifier, walked towards the back of the store, and dropped the water purifier on the floor. When appellant bent over to pick up the purifier, Brown saw "a bulge in the back of [appellant's] jacket[.]" Brown followed appellant as he walked towards the front of the store. Appellant placed the water purifier into his shirt and proceeded to leave the store.

Brown confronted appellant on the sidewalk and identified himself as a Wal-Mart loss- prevention employee. Brown testified, "I showed him my badge, [and] I asked for our merchandise back." Brown noted that appellant was "pretty nervous." Brown stated that appellant took one purifier out, dropped it on the ground, and told Brown "that's all I've got, leave me alone or give me a break or something to that effect." Brown requested that appellant return to the store so that the necessary paperwork could be completed. Appellant attempted to abscond. Thereafter, Brown noted:

> I then turned, grabbed him by the jacket[;] it happened pretty quick, I think his right arm came out of the jacket first and then he spun around to where he was facing me and his left arm came out, he dropped the other water purifier and a bottle of lotion. At that time I stumbled and almost fell, caught myself, ran into the parking lot. I pursued him far enough to get a tag number and a make of car and called that into the police immediately.

Brown testified that appellant struck him so hard across the nose that his eyes began to water. Brown acknowledged that he did not know when exactly appellant struck him because it happened so quickly. On cross-examination, Brown stated that he did not state in his report that he was struck, but that appellant struck him and that he told several members of management that he was

struck. Brown testified that "I can't say if it was intentional, only he can tell you that." Brown further testified that he informed Officer Phillips that he had been hit during the struggle.

Officer Kevin Phillips testified that he responded to the call at Wal-Mart and that he spoke with Brown about the shoplifting incident. Phillips noted that Brown told him appellant struck him and Phillips observed that Brown's eyes were watery and that Brown had a red mark across his nose.

At the conclusion of the State's case-in-chief, appellant's counsel moved for a directed verdict, arguing:

> Your Honor, at this time the Defendant would move for a directed verdict on the grounds that the State has presented insufficient evidence to establish that there's a robbery that's been committed. I think that they have to prove both elements of the offense, one, that there was a theft and two, that there was the element of use of force with the intent to commit the theft or apprehension in getting away and I don't think they've risen to the level of showing that there's been sufficient physical force to meet that element and for those reasons I move for a directed verdict on those grounds.

The trial court denied the motion. Appellant renewed his motion at the close of the evidence, and the trial court denied his motion. Appellant was subsequently convicted and sentenced to eight years' imprisonment in the Arkansas Department of Correction. This appeal followed.

Not at issue is the undisputed fact that appellant committed a theft while inside the Wal-Mart store. Nevertheless, Derek Brown testified that appellant struck him across the nose, an act that elevated appellant's charge to a robbery. Under Arkansas Code Annotated section 5-12-102 (Repl. 1997), "a person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." "Physical force" means any bodily impact, restraint, or confinement or the threat thereof." Ark. Code Ann. § 5-12-101 (Repl. 1997).

Appellant advances the following argument:

> It is disputed . . . whether Appellant ever intended to use force against the store employ[ee] to further his escape. There is no evidence that Appellant ever threatened the store employee, and

the only evidence of bodily contact was the testimony of the store employee of Wal-Mart who never mentioned being struck in any of his store reports and even upon reviewing the store surveillance video could not identify exactly when and with which hand he was struck across the nose. Further, he could not tell if his being struck was an intentional act by appellant.

■ Appellant's argument is misplaced. For purposes of the robbery statute, it is immaterial whether appellant ever intended to use physical force against Brown to further his escape. We hold that the word "purpose" found within the robbery statute relates only to the acts of "committing a felony or misdemeanor theft or resisting apprehension" and does not, as appellant urges, provide that the employment of physical force or the threat thereof be purposeful.

■ For purposes of the statute, physical force means *any* bodily impact. *See* Ark. Code Ann. § 5-12-101 (Repl. 1997) (emphasis added). Here, the testimony from Brown is that appellant struck him in the nose. This testimony is corroborated by Officer Phillips's testimony that Brown told him appellant struck him. It is further corroborated by Phillips's testimony that Brown's eyes were watery and that Brown had a red mark across his nose. It is well-established that we do not weigh evidence presented at trial or weigh the credibility of witnesses, as these are matters to be resolved by the finder of fact. *Garner v. State*, 82 Ark. App. 496, 122 S.W.3d 24 (2003). Furthermore, a criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). Since intent cannot be proven by direct evidence, members of the jury are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003) (citing *Proctor v. State*, 349 Ark. 648, 79 S.W.3d 370 (2002)). Accordingly, we affirm on this point.

Appellant also appears to assert that the court abused its discretion by denying him the opportunity to make "proper" argument to the jury during closing. He asserts that the court concluded that no *mens rea* was necessary for the physical force employed in a robbery. As the State correctly asserts, this is an inaccurate categorization of the court's ruling.

During closing arguments, defense counsel stated in part that "[t]his is a shoplifting case and that's really all that it is. And it should be prosecuted as a shoplifting. What this isn't is strong arm robbery. You know robbery, you've got to have the intent to be using physical force or — [.]" The State objected, stating, "Your Honor, that's not the law." The court sustained the objection. Defense counsel continued his closing argument, arguing:

> To sustain this charge, the State must prove beyond a reasonable doubt that with the purpose of committing a theft or resisting apprehension immediately thereafter that David McElyea employed or threatened to immediately employ physical force upon another. He ran out of his coat. I don't think it's robbery. Physical force, any bodily impact, restraint[,] or confinement. But remember what purpose is, its definition is provided also. A person acts with purpose with respect to his conduct when it is his conscious object to engage in that conduct. Derek Brown testified, he's already told us nobody can be certain that he ever intended to get hit, this wasn't his conscious object.

Again, the State objected and the trial court sustained the objection, stating, "Yes, I'm going to sustain the objection. I've ruled on this issue now for the third time and you know better than that." The court informed the jury that it would take a recess.

During recess, the court explained its ruling to defense counsel by stating:

> Now Mr. Stutte [defense counsel], I'll explain my ruling. There's absolutely no evidence in the record that this, the factual dispute is this: Whether or not physical force had been used. You maintain that it wasn't, the State maintains that it was. There's absolutely no evidence in the record of any unintentional conduct by this Defendant. Therefore, you're arguing facts that are outside the record and I'm not going to permit it. That's my ruling. The instruction speaks for itself.

Defense counsel also requested permission "to argue the jury instruction and my interpretation of those jury instructions and that purpose as a mental state with regards to the second element of robbery is required." The court informed defense counsel that "I understand your point, counsel. Again, my response to this argument is to make that argument you're arguing facts that are outside the record and I'm not going to permit you to do it. It's just that simple. Now let's proceed. Bring in the jury."

Here, the court explained that it sustained the State's objection because there was no evidence in the record to support the defense's assertion that appellant did not intend his conduct. We do not take notice of gratuitous assertions based on matters not in the record. *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002). Nor are arguments proper which are outside the record or have no evidentiary support. *Wilkens v. State*, 261 Ark. 243, 547 S.W.2d 116 (1977). Because there was no evidence in the record to support defense counsel's assertion that appellant did not intend to strike appellant in the nose and because determinations of fact are for the jury, we find no error and affirm.

Affirmed.

PITTMAN, J., agrees.

BAKER, J., concurs.

KAREN R. BAKER, Judge, concurring. I must regretfully concur with the majority opinion because appellant does not raise or argue the fact that the Wal-Mart theft-prevention employee had no authority to arrest or detain appellant; therefore, since the employee had no authority to apprehend Mr. McElyea, appellant could not have been guilty of resisting apprehension.

In *Akins v. State*, 253 Ark. 273, 485 S.W.2d 535 (1972), the Arkansas Supreme Court reversed and dismissed a conviction for escape holding that where an appellant ran away from police officers, but he was not in lawful custody, he could not be guilty of escape. In that case, a detective with the Little Rock Police Department stopped the appellant on the street, showed him his badge, and told the appellant that he was under arrest for investigation of vending-machine burglaries. The court explained that no public offense was committed in the presence of the officers, defendant was not arrested in obedience to an arrest warrant, and the officers had no reasonable grounds for believing defendant had committed a felony; therefore, defendant was not in lawful custody at the time he ran away and thus, was not guilty of escape.

In the case before us, the employee is a private citizen. A private citizen has authority to arrest another pursuant to Ark. R. Crim. P. 4.1(b) (2004) and Ark. Code Ann. § 16-81-106(d) (Repl. 2003). Section 16-81-106(d) provides that a private person may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony. Under this statute and

the described circumstances, an officer acting outside his jurisdiction has the authority to effect an arrest. *See Perry v. State,* 303 Ark. 100, 794 S.W.2d 141 (1990) (where the supreme court recognized the statutory principle in § 16-81-106(d)), but concluded Perry had been arrested on a misdemeanor, making the arrest invalid).

Arkansas Rule of Criminal Procedure 4.1(b) provides in pertinent part that:

> "a private person may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony."

Arkansas Code Annotated § 16-81-106 provides in relevant part:

> (a)  An arrest may be made by a certified law enforcement officer or by a private person.

> (b)  A certified law enforcement officer may make an arrest:

> (1)  In obedience to a warrant of arrest delivered to him; and

> (2)(A)  Without a warrant, where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony.

> (B)  In addition to any other warrantless arrest authority granted by law or court rule, a certified law enforcement officer may arrest a person for a misdemeanor without a warrant if the officer has probable cause to believe that the person has committed battery upon another person and the officer finds evidence of bodily harm, and the officer reasonably believes that there is danger of violence unless the person alleged to have committed the battery is arrested without delay.

> (c)(1)  A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor.

> . . . .

> (d)  A private person may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony.

Therefore, a private citizen may apprehend a person only where he has reasonable grounds for believing the person committed a felony. A police officer cannot arrest an individual for misdemeanor theft unless the offense was committed in full view of the officer who witnessed the public offense. Because the Wal-Mart theft-prevention employee was a private citizen, he had no authority to arrest appellant; accordingly, appellant could not have been resisting apprehension.