# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1421
_____

United States of America

*Plaintiff - Appellee*

v.

Edrick Denorris Ellis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: November 22, 2024
Filed: February 7, 2025
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Following a jury trial, Edrick Denorris Ellis was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 120 months' imprisonment, followed by 2 years' supervised release. On

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

appeal, Ellis challenges both the sufficiency of the evidence against him and the district court's sentence. We affirm.

## I.  BACKGROUND

On July 28, 2019, Arkansas State Trooper Dean Pitchford stopped Derrick Daniel's truck in a high-traffic area of Little Rock, Arkansas, for a hanging taillight. Ellis, the front seat passenger, fled from the vehicle during the stop, prompting Trooper Pitchford to radio for assistance. Trooper Cleyton McDonald responded to the call and located Ellis running through an alleyway next to an apartment building. As Trooper McDonald pursued him, Ellis jumped and tossed an object over an adjacent fence. Trooper McDonald subdued Ellis and placed him under arrest. Trooper McDonald then asked Ellis what he had thrown over the fence. Troopers Quincy Harris and Dwight Roam arrived at the scene shortly thereafter and, at Trooper McDonald's direction, searched the area beyond the fence. They recovered a hat and a 9mm handgun from a parking lot on the other side of the fence.

Ellis was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At trial, Troopers Pitchford, McDonald, Harris, and Roam testified about the traffic stop and Ellis' arrest. The government also introduced testimony from an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives who confirmed that the 9mm handgun had been manufactured in Florida and transported across state lines to Arkansas. Dashboard camera footage from Trooper Pitchford's and McDonald's vehicles was also admitted into evidence. In the footage, Ellis appears to jump and toss an object over the fence during the chase. Ellis' defense, on the other hand, focused on disputing his connection to the handgun. Daniel testified that he had spent the day with Ellis and did not see him with a handgun. The jury found Ellis guilty.

At sentencing, Ellis' advisory Sentencing Guidelines range was 100 to 120 months' imprisonment, based on a total offense level of 24 and criminal history category of VI. The district court treated both of Ellis' two previous Arkansas

robbery convictions as crimes of violence under the Sentencing Guidelines. It ultimately sentenced Ellis to the statutory maximum of 120 months' imprisonment, followed by 2 years' supervised release. This appeal followed.

## II.    DISCUSSION

Ellis contests the sufficiency of the evidence supporting his conviction and the classification of his Arkansas robbery convictions as crimes of violence under the Sentencing Guidelines.

### A.    Sufficiency of the Evidence

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor. United States v. Thompson, 11 F.4th 925, 929 (8th Cir. 2021). We will reverse a conviction only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Fool Bear, 903 F.3d 704, 708 (8th Cir. 2018).

To convict Ellis under 18 U.S.C. § 922(g)(1), the government was required to prove: (1) Ellis had a prior conviction for a crime punishable by imprisonment exceeding one year; (2) he knowingly possessed a firearm; and (3) the firearm had been in or affected interstate commerce. United States v. Collier, 527 F.3d 695, 701 (8th Cir. 2008). On appeal, Ellis challenges only the second element—knowing possession.

Knowing possession may be actual or constructive. United States v. Tenerelli, 614 F.3d 764, 769 (8th Cir. 2010). Constructive possession requires proof that the defendant knew of the object, had the ability to control it, and intended to do so. United States v. Piwowar, 492 F.3d 953, 955 (8th Cir. 2007). Although constructive possession may be established through circumstantial evidence, the government must demonstrate a "sufficient nexus" between the defendant and the firearm.

-3-

United States v. Garrett, 648 F.3d 618, 622 (8th Cir. 2011) (quoting United States v. Evans, 431 F.3d 342, 345 (8th Cir. 2005)).  Mere physical proximity to the firearm is not enough.  United States v. Battle, 774 F.3d 504, 511 (8th Cir. 2014).

Ellis, relying on United States v. Parker, 871 F.3d 590, 604 (8th Cir. 2017), contends that the government failed to prove more than physical proximity.  In Parker, the government attempted to rely on a co-defendant's movements in the vehicle before the chase to establish possession, but this Court found that evidence insufficient because Black's movements were "not directly connected to the gun's location."  Id. at 603.  Here, the evidence establishes a clearer connection. Dashboard camera footage shows Ellis jumping and tossing an object over the fence as Trooper McDonald pursued him.  Other officers recovered the firearm in the area where Ellis appeared to have thrown something.  Although, as Ellis points out, the footage does not clearly show what was thrown, a reasonable jury could infer that Ellis threw the firearm recovered on the other side of the fence.  In doing so, Ellis exercised dominion and control over the firearm.  See Tenerelli, 614 F.3d at 769-70. The evidence presented at trial demonstrates more than mere proximity and was sufficient to establish Ellis knowingly possessed a firearm.  We affirm Ellis' conviction.

## B.    Arkansas Robbery Convictions

While we generally review *de novo* whether a conviction qualifies as a crime of violence, we review Ellis' claim for plain error because he did not raise this argument below.  United States v. Gordon, 69 F.4th 932, 933 (8th Cir. 2023); Fed. R. Crim. P. 52(b).  To satisfy the plain error standard, Ellis "must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

The Sentencing Guidelines prescribe a base offense level of 24 for a conviction under 18 U.S.C. § 922(g)(1) if the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). A crime of violence is an offense that: (1) has as an element the use, attempted use, or threatened use of physical force against another person ("force clause"); or (2) constitutes one of several enumerated offenses, such as murder, kidnapping, or, as relevant here, robbery ("enumerated offenses clause"). U.S.S.G. § 4B1.2(a).

To determine whether a prior conviction qualifies as a crime of violence, courts apply the categorical approach, focusing on the statutory elements of the offense rather than the facts of the underlying conviction. United States v. McMillan, 863 F.3d 1053, 1056 (8th Cir. 2017). Under Arkansas law, a person commits robbery if, "with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102(a). "Physical force" includes "[b]odily impact, restraint, or confinement" or "[t]hreat of any bodily impact, restraint, or confinement." Ark. Code Ann. § 5-12-101.

This Court has previously determined that robbery under Arkansas law qualifies as a crime of violence under both the force clause and the enumerated offenses clause. United States v. Smith, 928 F.3d 714, 717 (8th Cir. 2019). Ellis asserts that Smith must be reconsidered in light of Borden v. United States, 593 U.S. 420, 429 (2021), in which the Supreme Court held that offenses which can be committed with reckless intent cannot be considered crimes of violence under the force clause. See United States v. Hoxworth, 11 F.4th 693, 695-96 (8th Cir. 2021) (discussing Borden). Ellis supports his argument by referencing several cases in which Arkansas courts have recognized that the statute in question encompasses robberies committed without any intent to use force. See e.g., McElyea v. State, 189 S.W.3d 67, 70 (Ark. App. 2004) (noting that "[f]or purposes of the robbery statute, it is immaterial whether appellant ever intended to use physical force against

[another] to further his escape"); <u>Collins v. State</u>, No. CACR 92-414, 1992 WL 383749, at *1 (Ark. Ct. App. Dec. 16, 1992) (same).

<u>Borden</u> impacts the scope of the force clause, but it does not alter our analysis under the enumerated offenses clause. <u>See</u> <u>United States v. Mahurin</u>, No. 22-2580, 2023 WL 3090632, at *1 (8th Cir. Apr. 26, 2023) (per curiam) (rejecting <u>Borden</u> argument where case involved enumerated offenses clause). "To determine whether a crime falls within the enumerated-offenses clause, we begin by identifying the elements of the generic enumerated offense." <u>United States v. Schneider</u>, 905 F.3d 1088, 1093 (8th Cir. 2018). In <u>United States v. House</u>, 825 F.3d 381, 387 (8th Cir. 2016), this Court defined "generic robbery" as "aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." In <u>United States v. Stovall</u>, 921 F.3d 758, 760 (8th Cir. 2019), this Court held that Arkansas robbery is an enumerated crime of violence because it has the same elements as generic robbery. While <u>Borden</u> may cast doubt on whether robbery under Arkansas law qualifies as a crime of violence under the force clause, it does not disturb our decisions in <u>Smith</u> or <u>Stovall</u> that held it is a qualifying offense under the enumerated offenses clause. There was no error, plain or otherwise, in the calculation of Ellis' Sentencing Guidelines range or in the sentence imposed.

## III.   CONCLUSION

We affirm the judgment of the district court.

_____