ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* JOHNSON.

Opinion delivered April 22, 1907.

TRIAL—DIRECTING VERDICT.—A passenger sued a railway company, alleging loss of her trunk containing numerous articles of baggage, of which a bill of particulars was filed. Defendant did not raise any issue as to plaintiff's right to transport any of the articles contained in the trunk. No fact was developed in plaintiff's examination which affected her credibility unless it be her interest; nor was her testimony contradicted in any manner. *Held,* that the court properly directed a verdict for the amount sued for.

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; affirmed.

*Sam. H. West* and *J. C. Hawthorne,* for appellant.

1.  The court erred in directing a verdict for the plaintiff.

2.  Without previous notice to the agents of the company that such things as field glasses, opera glasses, jewelry, etc., are to be included, no recovery can be had for their loss and in this case the question should have been submitted to the jury whether such articles were fairly to be construed as baggage.  100 U. S. 24; 57 Am. Rep. 230; 11 Humph. 420; Hutchinson on Carriers, § 679; 25 S. W. 60; 74 Ark. 125.

*Thomas & Lee,* for appellee.

No issue was raised in the lower court, either in the answer or in the evidence, that the jewelry, etc., mentioned in the bill of particulars were not baggage. There is no denial of the contents of the trunk nor of the value of the articles contained in it. The court properly directed a verdict for the plaintiff. 57 Ark. 461; 76 Ark. 520; 75 Ark. 406; 71 Ark. 447. For definition of baggage, see 65 Ark. 366. Shotguns in a lost valise were held to be baggage. 74 Ark. 126. Also money carried as baggage. 60 Ark. 433.

BATTLE, J. Annie R. Johnson brought this action, in the Monroe Circuit Court, against the St. Louis Southwestern Railway Company to recover the value of lost baggage, alleging that on or about the 27th day of January, 1906, she purchased from the defendant, at Memphis, Tenn., a ticket for her transportation from that place to Clarendon in this State, and received a check

from it for her trunk and its contents; and through the negligence of the defendant her trunk and its contents, of the value of $650.97, were lost; and she filed a bill of particulars with her complaint, showing the contents of the trunk and the value of each item thereof, amounting in the aggregate to $650.97.

To the complaint of plaintiff the defendant answered and denied that plaintiff delivered a trunk to it at Memphis, Tenn.; that it received a trunk from her and checked it; that it was lost through its negligence; that it contained the items in the bill of particulars filed with her complaint; the value of each item as stated in the bill of particulars; and that it is liable for the loss of the same.

Mrs. Annie R. Johnson, in her own behalf, testified that she went from Clarendon, in this State, to Memphis, Tenn., in a train of the defendant for the purpose of attending the theatre and visiting friends; that about the 27th of January, 1906, she purchased a ticket from the defendant at Memphis for her transportation from that place to Clarendon and a check for her trunk, and returned to the latter place. The evidence shows clearly that the defendant gave her a check for her trunk, and was in duty bound to transport it from Memphis to Clarendon. She testified as to the contents of the trunk, stating the articles contained and their value, which amounted in the aggregate to $650.97; and that these articles were put in her trunk and carried for her personal use and convenience on that journey; and that the trunk and its contents were never delivered to her—were lost.

Other evidence was adduced by both parties, but we have failed to see after careful reading that it conflicts in any manner with the testimony of Mrs. Johnson.

The court instructed the jury to return a verdict in favor of the plaintiff for the amount sued for, which they did. To the giving of which instruction the defendant at the time excepted.

Defendant requested the court to instruct the jury as follows:

"1. The jury was instructed to return a verdict for the defendant in this case.

"2. Carriers are responsible to passengers for loss of bag-

gage. The baggage must consist of wearing apparel of the passengers. No such things as field glasses, opera glasses, jewelry and thimbles can be recovered as baggage unless some notice is given to the conductor or its agents that such articles are included in the baggage."

The court refused to grant the requests.

The right of the plaintiff to the transportation of the articles contained in the trunk, if such as alleged by her, as baggage, was not questioned in the pleadings. No issue controverting that right was raised in the pleading or evidence Her knowledge of the value of the contents was not impeached by the asking of any question as to facts affecting the value. No fact was developed by her examination in chief and cross-examination, unless it be her interest, which affected her credibility. Many questions touching her knowledge of the value might have been propounded to her which were unasked. Her knowledge of facts stated and veracity were not attacked.

We see no reason why the jury should have rejected her testimony. The court committed no error in instructing them to return a verdict in her favor for the amount sued for. *American Central Insurance Co.* v. *Noe,* 75 Ark. 406.

Judgment affirmed.

RIDDICK, J., dissented.