Gary SAULSBERRY *v.* STATE of Arkansas

CA CR 02-725                       102 S.W.3d 907

Court of Appeals of Arkansas
Division IV
Opinion delivered April 16, 2003

*Gregory E. Bryant*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant was convicted of simultaneous possession of drugs (marijuana) and a firearm, and possession of a controlled substance (marijuana) with intent to deliver, which was merged with the simultaneous possession conviction for sentencing. He was sentenced to ten years in prison. He raises two points of appeal: (1) whether Officer Green had a particular and articulable suspicion that a search of his truck was necessary for officer protection; (2) whether the State proved beyond a reasonable doubt that his firearm met the statutory definition of a firearm. We affirm.

On April 9, 2001, the State filed a three-count felony information charging appellant with simultaneous possession of drugs and a firearm, possession of a controlled substance with intent to deliver, and possession of a firearm by certain persons. Appellant filed a motion to suppress evidence seized during a warrantless search of his vehicle, arguing that no probable cause existed to believe that con-

traband was located in his vehicle. Prior to the December 11, 2001 bench trial, the parties agreed that the motion to suppress would be heard simultaneously with the trial on the charges.

At trial, the evidence revealed that at 8:46 p.m. on February 22, 2001, the Little Rock Police Department sent out a report regarding gunshots fired in the area of Seventeenth and Abigail Streets. Officer David Green was in the area and began looking for a red Chevrolet S-10 pickup truck, which was described in the report. Approximately five minutes later Officer Green passed a parked red Chevrolet S-10 at Twenty-third and Maple Streets. After he passed the truck, Officer Green turned around and stopped it at Asher and Maple Streets. Appellant exited the vehicle and the officer advised him of what was going on and asked appellant if he had any weapons. Appellant replied that he did not have any weapons. Officer Green testified that Officer McNair pulled up, took appellant to the side, and conducted a pat-down search, during which time Officer Green searched the vehicle for weapons. The vehicle had dark, tinted windows. When he opened the side door and looked in, he observed a .22 Derringer pistol in plain view on the driver's seat. Officer Green testified that the pistol was loaded with two rounds. Appellant was then arrested, and his vehicle was searched incident to arrest. Officer Green stated that he and Officer Gilbert found approximately five pounds of marijuana in the cab of the truck.

On cross-examination, Officer Green explained that he decided to look inside the vehicle because of the report of a suspected vehicle that was involved in the shots-fired call, but he did not have reason to believe that appellant had done anything himself or that there was a gun in the vehicle. He added that appellant did not present a danger to him because he was in the custody of another officer and did not have access to the weapon. In order to access the weapon, Officer Green stated that appellant would have had to open the door and grab it while Officer Green stood between him and the door to the car. Officer Green testified that he did not believe appellant when he said he did not have a gun. He stated that he searched the vehicle for police and public safety and thought he had reasonable cause to do so because of the police broadcast, although the issue of officer safety had disappeared when the other officer took appellant aside and patted him down.

■ At the conclusion of trial, the trial court denied the motion to suppress and found appellant guilty of simultaneous possession of drugs and a firearm and possession of a controlled substance with intent to deliver, and sentenced him to ten years in prison. An order denying the motion to suppress was entered December 17, 2001, and the judgment and conviction order was entered on December 27, 2001. Of his two points of appeal, we first consider appellant's argument that there was insufficient evidence to convict him of simultaneous possession of drugs and a firearm because double jeopardy considerations require that we consider a challenge to the sufficiency of the evidence prior to other issues on appeal. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002).

Appellant argues the evidence is insufficient to support the simultaneous possession of drugs and a firearm conviction because the State failed to prove that appellant's firearm met the statutory definition of a firearm. We cannot reach the merits of appellant's argument because it is not preserved for our review.

■ Rule 33.1 of the Arkansas Rules of Criminal Procedure provides that if a motion for dismissal is made, it shall be made at the close of all the evidence. It has been repeatedly held that a directed-verdict motion requires a movant to apprise the court of the specific basis on which the motion is made. *Spencer v. State*, 348 Ark. 230, 72 S.W.3d 461 (2002); Ark. R. Crim. P. 33.1.

■ Appellant's motion for directed verdict as to the simultaneous possession charge was insufficient. Although appellant failed to abstract the motion, the record demonstrates that after the State rested and after the trial court's finding of guilt, defense counsel merely stated,

> Your honor, you made a finding of guilty before I could move to dismiss the count regarding simultaneous drugs and firearms. When you asked if there was anything else, I assumed you were referring to the motion to suppress. But on the issue of simultaneous possession, I move to dismiss for lack of sufficient proof.

Even if the motion had been timely, it did not specify the respect in which the evidence was insufficient. Thus, the issue was not preserved for review.

■   If the issue had been preserved, there is substantial evidence to support the conviction. Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Vergara-Soto v. State*, 77 Ark. App. 280, 74 S.W.3d 683 (2002). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Id.*

■   Appellant only argues that the State failed to prove that appellant's firearm meets the statutory definition set out in Ark. Code Ann. § 5-1-102(6) (Supp. 2001). Officer David Green testified that when he opened the side door of appellant's car and looked in the driver's seat he observed a .22 Derringer pistol in plain view, which was loaded with two rounds. This constitutes substantial evidence that the .22 pistol was a firearm within the meaning of the statute.

■   Appellant also argues that the trial court erred in denying his motion to suppress because Officer Green did not have a particular and articulable suspicion that a search of appellant's truck was necessary for officer protection. The supreme court in *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003), recently clarified the standard of review of a suppression challenge. The standard is that we conduct a *de novo* review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Id.*

The circuit court in the present case found Officer Green to be credible and that he had a reasonable suspicion that appellant was armed and that the weapon was likely inside the vehicle. The court acknowledged that appellant was being detained by other officers at the time of the search and relied on Officer Green's testimony that he searched the vehicle based on the police dispatch call and on the concern for safety. The court, in denying appellant's motion to suppress, specifically found "that the radio dispatch call in conjunction with area and time in which the stop occurred, and Green's concern for officer safety, gave the officer just cause for searching the vehicle."

Appellant does not argue that Officer Green did not have the authority to stop and interrogate him. Rather, he only contends that Officer Green's initial search of his vehicle violated the Arkansas Constitution and Ark. R. Crim. P. 3.4. Rule 3.4 provides:

> If a law enforcement officer who has detained a person under Rule 3.1 reasonably suspects that the person is armed and presently dangerous to the officer or others, the officer or someone designated by him may search the outer clothing of such person and the immediate surroundings for, and seize, any weapon or other dangerous thing which may be used against the officer or others. In no event shall this search be more extensive than is reasonably necessary to ensure the safety of the officer or others.

Reasonable suspicion is defined by Ark. R. Crim. P. 2.1 as follows:

> "Reasonable suspicion" means a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion.

Appellant cites the cases of *Reeves v. State*, 20 Ark. App. 17, 722 S.W.2d 880 (1987), and *Michigan v. Long*, 463 U.S. 1032 (1983), in support of his argument. Both *Reeves* and *Long* involved situations where the defendants were stopped based on reports of suspected DWI. During both of the stops, officers saw weapons in plain view within the vehicle.

In upholding the search of Reeves's vehicle, this court relied heavily on *Long*, stating:

> The facts in *Long* led the Supreme Court to conclude that "the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief . . . that the suspect is dangerous and . . . may gain immediate control of weapons." *Long* at 1049, 103 S. Ct. at 3480. The Court then noted that if while conducting a legitimate protective search of the interior of the vehicle the officer should discover contraband other than weapons, he cannot be required to ignore the contraband, and "the Fourth Amendment does not require its suppression in such circumstances." *Long* at 1050, 103 S. Ct. at 3481.
> The appellant argues that the officer in the present case neither felt threatened nor had a reasonable suspicion that the

appellant was dangerous. In *Long,* the lower court had determined that it was not reasonable for the officers to fear the driver because he was effectively under their control during the investigative stop and could not get access to any weapons that might have been located in the car. Also, the driver of the vehicle had not manifested a violent disposition. In reversing the state court's decision, the Supreme Court stated that such suspects not only have the opportunity to break away from police control and retrieve a weapon from the vehicle, but also, if not placed under arrest, they would ultimately be able to reenter the vehicle and have access to any weapons inside. *Long* at 1052, 103 S. Ct. at 3482. Our reading of the record in this case reveals ample evidence that Officer Redding felt that the presence of the weapon constituted a threat and that, for his own safety and that of others nearby, it was necessary to secure the weapon while the appellant was being detained by the second officer.

*Reeves v. State,* 20 Ark. App. at 25-26, 722 S.W.2d at 884-85.

■ The same reasoning that the Supreme Court used in *Long* and that we relied on in *Reeves* supports the circuit court's decision in this case. The court in *Long* held that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief that the suspect is dangerous and may gain immediate control of weapons.

■ Although Officer Green testified that appellant did not present a danger to him because he was in the custody of a fellow officer, it was still possible that appellant could have broken away from police and had access to any weapons in the truck. Moreover, unlike *Long* and *Reeves,* appellant was stopped because his vehicle met the description of the police broadcast regarding a crime involving a weapon. Because appellant's vehicle met the description and he was found within minutes of the police broadcast and within blocks of the scene of the shots-fired incident, it was reasonable for Officer Green to believe that appellant could be dangerous and could gain control of a weapon. While the facts of *Reeves* and *Long* indicate that the officers saw the weapons in plain view without having to first enter the vehicle, Officer Green did not observe the weapon until he opened the door to search for weapons. Once Officer Green opened the door of the car, which had dark-tinted windows, the weapon was in plain view on the driver's seat. He testified that he had a reason to believe that a

weapon was in appellant's car because of the police broadcast. Because appellant was stopped as a result of the shots-fired report that identified the suspect as driving a vehicle that met the description of appellant's truck, it was reasonable for Officer Green to search the passenger compartment of the automobile for the safety of the officers and the safety of others. If the officers had released appellant without conducting the search, he could have returned to the truck and had access to the weapon.

Another case cited by the State also supports the trial court's decision. In *Hill v. State*, 275 Ark. 71, 628 S.W.2d 284 (1982), police received reports of incidents involving robbery, kidnapping, and murder that had occurred earlier in the afternoon. The broadcast contained a description of the suspect, as well as the vehicle and license number. The suspect was described as armed and extremely dangerous. The police observed a vehicle matching the description and initiated a stop. While one officer frisked the appellant, another officer searched the immediate area of the car where the appellant had been sitting, and found a weapon. The appellant filed a motion to suppress, which was denied. On appeal, he argued that both the stop and the search were unreasonable. The supreme court relied on *Terry v. Ohio*, 392 U.S. 1 (1967), in affirming the trial court's decision denying the motion to suppress. With respect to the search, the court reasoned:

> The search here was completely reasonable when considered under the totality of the existing circumstances. The officers would have taken an unnecessary risk if they had attempted to talk with the appellant before searching him and the accessible areas of his car; removing appellant from his car was a prerequisite to the safety of the officers in making such a search. Although appellant was standing behind the car with his hands on the trunk at the time of the search, the mere fact of appellant's removal from the car did not remove the possible danger to the officers and thereby obviate the necessity for the search. It was certainly reasonable to believe that a suspect believed to have kidnapped, robbed, and executed a Game and Fish Officer, and, simultaneously, attempted to do the same thing to another person was capable of breaking for a weapon inside his car, and probably would have been highly motivated to do so. Here, the limited search of the car was both "justified at its inception" and "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio, supra.*

*Hill v. State,* 275 Ark. at 82, 628 S.W.2d at 289. Although the facts in *Hill* were more compelling given the more serious nature of the crimes, the reasoning supports the trial court's decision in this case. Unlike *Reeves* and *Long,* the gun in *Hill* was not found in plain view. Rather, the officers entered Hill's vehicle to conduct the search for weapons and found the weapon under the driver's seat.

Based on the totality of the circumstances, we cannot say that the trial court's decision denying the motion to suppress was clearly erroneous.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.