Curtis JACKSON  *v.*  STATE of Arkansas

CA CR 03-702                                    165 S.W.3d 467

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered May 5, 2004

*Joe Kelly Hardin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. In this appeal from the Saline County Circuit Court, appellant challenges the sufficiency of the evidence used to support a conviction for possession of a counterfeit substance with the intent to deliver under Ark. Code Ann. § 5-64-401 (Repl. 1997), and the court's failure to give a proffered instruction recommended by appellant. Because we hold that there was insufficient evidence to convict appellant of possession of a counterfeit substance with the intent to deliver, we reverse.

Detective Michael Hardester of the Saline County Sheriff's Office testified that, on January 9, 2002, he was investigating reports of illicit drug trafficking in the Little Rock area of West Baseline Road and Margo Lane. Hardester said that he and another

officer, Detective Kevin Cooper, were in an undercover car and in plainclothes when they observed appellant standing on a street corner. Hardester rolled down the window on his truck and appellant approached the vehicle, leaned in, and asked what they needed. Hardester said that he told appellant he needed a "20 rock." Appellant instructed them to drive down the road, turn around, and return. The officers complied, and when they returned, other people were in the area — one individual even standing pretty close to the vehicle. Appellant gave Hardester the rock of cocaine, and Hardester paid appellant twenty dollars.

Hardester testified that, because other people were present, he and Cooper decided not to arrest appellant immediately, but decided to call in help since they would be outnumbered. Hardester saw appellant walking down the street and approached him, stating that he wanted to buy more cocaine. In response, Hardester testified that appellant "stuck his right hand in his right front pocket of his jeans and we placed him in custody." By that time, backup had arrived, and appellant was searched. They found several "small rock-like substances" in appellant's pocket.

Detective Cooper corroborated Detective Hardester's testimony by testifying that they pulled up on Margo Lane by appellant and that:

> I stepped out of the passenger side and said I needed two more. Detective Hardester had gotten out of the front and had walked around behind the defendant. The defendant stuck his hand in his right front pocket and at that time we placed him under arrest.

A drug chemist from the crime lab testified that the rock-like substances Hardester purchased were cocaine-based and weighed .084 grams. The other substance weighed 1.365 grams, but no controlled substances were detected in it.

Following trial, appellant was convicted of one count of delivery of a controlled substance and one count of possession of a counterfeit substance with the intent to deliver. It is from appellant's conviction for the latter count that he appeals. On appeal, appellant argues first that the evidence used to support a conviction for possession of a counterfeit substance with the intent to deliver was insufficient. We agree.

■■ Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Saulsberry v. State*, 81 Ark. App. 419, 102 S.W.3d 907 (2003). The test for determining sufficiency

of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered. *Clements v. State*, 80 Ark. App. 137, 91 S.W.3d 532 (2002). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Saulsberry v. State, supra.* Decisions regarding the credibility of witnesses are for the trier of fact. *Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003). The fact finder is not required to believe any witness's testimony, especially the testimony of the accused, because he is the person most interested in the outcome of the trial. *Winbush v. State*, 82 Ark. 365, 107 S.W.3d 882 (2003). We do not weigh the evidence presented at trial nor do we weigh the credibility of the witnesses. *Polk v. State*, 82 Ark. App. 210, 105 S.W.3d 797 (2003).

Under Arkansas Code Annotated section 5-64-401(b) (Repl. 1997), "it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance." Arkansas Code Annotated section 5-64-101 (Repl. 1997) defines a counterfeit substance and the proof required to make out a prima facie case for qualifying a noncontrolled substance as a counterfeit substance as follows:

> (e) The term "counterfeit substance" means a noncontrolled substance, which by overall dosage unit appearance (including color, shape, size, markings, packaging, labeling, and overall appearance) or upon the basis of representations made to the recipient, purports to be a controlled substance or to have the physical or psychological effect associated with a controlled substance;
>
> In determining whether a substance is counterfeit, the following factors shall be utilized. A finding of any two (2) of these factors constitutes prima facie evidence that a substance is a "counterfeit substance":
>
> (1) Statements made by an owner or by anyone else in control of the substance concerning the nature of the substance, or its use or effect;

(2) The physical appearance of the finished product containing the noncontrolled substance is substantially the same as that of a specific controlled substance;

(3) The noncontrolled substance is unpackaged or is packaged in a manner normally used for the illegal delivery of a controlled substance;

(4) The noncontrolled substance is not labeled in accordance with 21 U.S.C. § 352 or § 353;

(5) The person delivering, attempting to deliver, or causing delivery of the noncontrolled substance states or represents to the recipient that the noncontrolled substance may be resold at a price that substantially exceeds the value of the substance;

(6) Evasive tactics or actions utilized by the owner or person in control of the substance to avoid detection by law enforcement authorities;

(7) Prior convictions, if any, of an owner, or anyone in control of the object under state or federal laws related to controlled substances or fraud[.]

According to the above-referenced statutory sections, the offense of delivery of a counterfeit substance requires proof that the substance in question is a "noncontrolled substance." *Shaw v. State*, 65 Ark. App. 186, 986 S.W.2d 129 (1999).

In support of the conviction, the State points to the testimony of state crime lab chemist Kim Brown who testified that one of the substances she tested was a rock-like substance that did not contain a cocaine base. It also points to the substance's similar appearance to the cocaine that appellant had previously sold to the undercover officers; the fact that it came out of the same pocket; and the fact that they "were both referred to by the appellant as 'candy,' a common street name for rock cocaine." However, the State failed to prove any two of the above-cited factors.

In criminal cases, the State has the burden of proof. *See Strickland v. State*, 74 Ark. App. 206, 46 S.W.3d 554 (2001) (in our system the government has the burden of proof; when one is accused of a crime, what is on trial is the government's proof against the accused); *Caldwell v. State*, 322 Ark. 543, 910 S.W.2d

667 (1995) (the trial court followed the traditional format in criminal cases, where the State has the burden of proof). Moreover, the basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. *S.T. and C.B. v. State*, 318 Ark. 499, 885 S.W.2d 885 (1994). Criminal statutes must be strictly construed, and the State's failure to prove that the substance was a statutorily-defined counterfeit substance was fatal to appellant's criminal conviction. *See Shaw v. State, supra.*

██ ██ Under Ark. Code Ann. § 5-64-101, two of seven factors must be present to constitute prima facie evidence that a substance is a "counterfeit substance." The only factor that the State proved was number two — the physical appearance of the finished product containing the noncontrolled substance was substantially the same as that of a specific controlled substance. The officers and the chemist testified to the rock-like appearance of the drugs found on appellant incident to his arrest, suggesting that its appearance was substantially the same as that of rock cocaine. Nevertheless, the State failed to prove any other factor.

Additionally, there is no evidence of attempted delivery. Detective Hardester testified that:

> The defendant was [walking] up Margo Lane back towards the original corner where we made contact. After we stopped[,] [w]e had put our badges around our necks to identify us as police officers when we were about to make the arrest, and placed our guns on. We got out of the vehicle and engaged in conversation with the defendant, told him we needed two more, something to that effect. He stuck his right hand in his right front pocket of his jeans and we placed him in custody. . . . We displayed our badges and guns once the call was made to make the arrest. We put them on while we· were talking to the backup officers.

Further, Detective Cooper testified that:

> Detective Hardester drove to Margo and West Baseline to where the defendant was walking from Margo, we pulled into Margo Lane, and he's walking towards me. I get out of the vehicle. At that time, I've got my badge displayed and a gun on my side. I step out of the passenger side and said I need two more. Detective Hardester had gotten out of the front and had walked around behind the

defendant. The defendant stuck his hand in his right front pocket and at that time, we placed him under arrest. When he put his hand in his right front pants pocket, that's when I made contact with him, and Detective Hardester got the other side of him, [and] we placed him on the ground and put handcuffs on him.

\* \* \*

When I asked him for two more rocks, I had my badge and gun on. The badge was visible, but he probably couldn't see my gun.

While appellant was on the ground, Cooper testified that appellant giggled and stated, "Al sold you candy." The State attempts to use this statement to prove factor one — statements made by an owner or by anyone else in control of the substance concerning the nature of the substance, or its use or effect. However, appellant's statement refers to the sale of cocaine to the undercover officers. Appellant had not produced anything else to the officers for sale. Therefore, because (1) the State failed to prove two of the factors necessary to establish prima facie evidence that the substance was a "counterfeit substance;" (2) the State failed to prove attempted delivery; and (3) penal statues are strictly construed, placing the burden of proof on the State, we reverse and dismiss appellant's conviction for possession with intent to deliver a counterfeit substance.

Because we reverse on appellant's first point, we need not reach his second point on appeal that the trial court erred in not giving his proffered instruction.

BIRD and ROAF, JJ., agree.

ROBBINS, J., concurs.

PITTMAN and VAUGHT, JJ., dissent.

JOHN B. ROBBINS, Judge, concurring. I disagree with the majority's holding that, for the State to prove a substance is a "counterfeit substance," it must prove two of the factors listed in Ark. Code Ann. § 5-64-101(e) (Repl. 1997). While subsection (e) provides that a finding of two of the factors constitutes prima facie evidence that a substance is counterfeit, it does not provide the exclusive means for the State to prove its case. Based on the evidence presented, I would not reverse for lack of substantial evidence that appellant possessed a counterfeit substance.

However, I agree with the majority's decision to reverse because there was not substantial evidence that appellant intended to deliver the counterfeit substance. The dissent concludes that this point is not being raised on appeal, but I disagree. In his statement of the case appellant indicates the basis of his appeal: "The appeal is based on the fact that there is no overt action by the defendant to attempt to deliver or indicate that the substance was a counterfeit controlled substance." In the argument section of his brief, appellant argues that the only evidence offered by the State was that upon his arrest he had his hand in his pocket, and that this evidence is insufficient to support his conviction. In my view, this argument is addressed to the lack of evidence regarding appellant's intent, and I agree with appellant's contention that there was insufficient evidence of his intent to deliver.

LARRY D. VAUGHT, Judge, dissenting. While I agree with the facts as set out in the majority opinion, I disagree with the determination that there was insufficient evidence to support the conviction. First, I disagree with the majority's interpretation of Ark. Code Ann. § 5-64-101(e) as requiring proof of at least two factors in order to constitute prima facie evidence that a substance is a "counterfeit substance" and would hold that there was substantial evidence that the substance in appellant's pocket was counterfeit. Second, appellant does not argue on appeal that there was insufficient evidence of delivery. Therefore, I would affirm.

As stated in the majority opinion, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance except as provided. Ark. Code Ann. § 5-64-401. "Counterfeit substance" is defined in Ark. Code Ann. § 5-64-101(e) as "a noncontrolled substance, which by overall dosage unit appearance (including color, shape, size, markings, packaging, labeling, and overall appearance) or upon the basis of representations made to the recipient, purports to be a controlled substance or to have the physical or psychological effect associated with a controlled substance." Subsection (e) further provides that "In determining whether a substance is counterfeit, the following factors shall be utilized. A finding of any two (2) of these factors constitutes prima facie evidence that a substance is a "counterfeit substance":

> (1) Statements made by an owner or by anyone else in control of the substance concerning the nature of the substance, or its use or effect;

(2) The physical appearance of the finished product containing the noncontrolled substance is substantially the same as that of a specific controlled substance;

(3) The noncontrolled substance is unpackaged or is packaged in a manner normally used for the illegal delivery of a controlled substance;

(4) The noncontrolled substance is not labeled in accordance with 21 U.S.C. § 352 or § 353;

(5) The person delivering, attempting to deliver, or causing delivery of the noncontrolled substance states or represents to the recipient that the noncontrolled substance may be resold at a price that substantially exceeds the value of the substance;

(6) Evasive tactics or actions utilized by the owner or person in control of the substance to avoid detection by law enforcement authorities;

(7) Prior convictions, if any, of an owner, or anyone in control of the object under state or federal laws related to controlled substances or fraud[.]

The majority opinion states that "two of the seven factors must be present to constitute prima facie evidence that a substance is a 'counterfeit substance'" Subsection (e) does not so state. Rather, subsection (e) provides that the seven factors shall be considered in determining whether a substance is counterfeit and that a finding of any two constitutes prima facie evidence. The language of the statute does not indicate that the list is exclusive, and thus other facts of a similar nature can be used to show that a substance is "counterfeit." Based on this interpretation of subsection (e), I would conclude that there is substantial evidence that the substance at issue was "counterfeit."

Here, appellant had previously sold a "20 rock" to Detectives Hardester and Cooper. A short time later, they asked appellant to supply two more rocks. Appellant then reached into his right front pocket, and he was arrested. A search of appellant revealed rocks in the right front pocket, which were very similar in appearance to crack cocaine. The rocks were tested at the State Crime Lab and determined to be a noncontrolled substance. Although appellant made no verbal representations at the time of

the second encounter, appellant's actions in reaching into his pocket upon request for "two more rocks," combined with the recent sale of a "20 rock" amounts to a representation that what he was reaching for in his pocket was a substance purporting to be a controlled substance. Viewing this evidence in the light most favorable to the State, I think that there was sufficient evidence to create a jury question.

The majority would also reverse based on insufficient evidence of delivery. Appellant only argues on appeal that there was insufficient evidence to find that the substance contained in appellant's pocket was a counterfeit substance, and more specifically that the State failed to prove any two of the necessary factors set out in Ark. Code Ann. § 5-64-101(e). While appellant raised the issue of delivery in his motion for directed verdict, he abandoned this argument on appeal. I am authorized to state that Judge Pittman joins this dissent.